Grover, J.
 

 Bonds and mortgages are not negotiable instruments. The assignee acquires no better title than that of his assignor. He takes title subject to any existing defence, either legal or equitable, of the mortgagor against the assignor.
 
 (Mickles
 
 v.
 
 Townsend,
 
 18 N. Y., 575 ;
 
 Hartley
 
 v.
 
 Tatham,
 
 1 Keyes, 222.) It was not, therefore, necessary for the defendant to prove that the plaintiffs’ testator knew of the mistake at the time he purchased the mortgage of the mortgagee. It is therefore immaterial whether the assignor was a competent witness to prove this fact against the representatives of the deceased assignee or not, as the proof, if given, would have been of no benefit to the defendant. This answers the exception taken to the exclusion of the witness. The defendant by his answer set up, in sub
 
 *490
 
 stance, that the scrivener who drew the mortgage made a mistake by making the money thereby secured, payable in ten semi-annual installments with interest then accrued on all sums unpaid, when, by the contract of the parties, it should have been made payable in twenty such installments, and claimed affirmative relief by reforming the mortgage in this respect, so as to make it conform to the real contract of the parties. Upon the trial this mistake was clearly proved by the written contract between the mortgagor and mortgagee, in the attempted execution of which the mortgage was given, and other" evidence. The judge before whom the cause was tried found, as-a fact, that this mistake had been made, but held, as conclusions of law, that it constituted no defense, and that the defendant was not entitled to any relief upon that ground, for the reasons, "first, that the defendant, after he discovered the mistake, made the first payment as required by the mortgage as it was written, although he complained of the mistake and desired its correction, and that upon the second of such installments becoming due he paid interest, and promised to pay the principal in a few days, which he failed to do, still urging the mistake; and for the further reason that the mortgagee was a necessary party to an action for reforming the mortgage by correcting the mistake, and ordered the usual judgment for foreclosure ■ and sale, although, had the mistake been corrected, there would. have been nothing due upon the mortgage. Section 149 of the Code gives the defendant the right to set forth, in his answer, any new matter constituting a defence or counter-claim. The mistake thus set forth, so far as affirmative relief was demanded, was an equitable defence, I think counter-claim, within the provisions of section 150 of the Code. The correction of mistakes in written instruments, occurring by accident, fraud or otherwise, has been one of the acknowledged branches of equity jurisdiction from the earliest history of the court, and the party injured by the mistake has a right to demand its correction upon furnishing satisfactory proof that it has been made. (Gilíes
 
 *491
 

 pie and wife
 
 v. Moon, 2 Johns. Ch., 585.) In this case, Chancellor Kent, with his usual ability, states the doctrine and the principles upon which it rests, and reviews many of the cases which had then been determined, and shows that delay in commencing proceedings will not alone prevent the granting of relief. In this case, a mistake in a deed was corrected after the lapse of fourteen years, there then being no statute barring the action if not commenced within that period. This, and the cases cited, shows that lapse of time, in the absence of such statute, will not prevent the granting of the relief. In the present case, only about six months had elapsed after the discovery of the mistake before the commencement of the action. The counsel for the respondents cites several authorities, showing that when a party seeks to rescind a contract upon the ground of mistake or fraud, he must act promptly upon the discovery, and that any act by him thereafter, recognizing the validity of the contract, will preclude him from exercising such right. These authorities have no application to the present case. Here the defendant does not seek the rescisión of any contract ever made by him, but the correction of a writing purporting to be his contract (but never made), so as to make it conform to the contract really made, having no right or desire to annul this contract. We have seen that the defendant had the same right to have the mistake corrected as against the plaintiffs’ testator, that he had against his assignor. Payment of the first installment, and promising - to pay the second while protesting against his liability, on the ground of the mistake, furnish no ground for a denial of the relief to which he was entitled. The remaining ground upon which the relief was denied was the absence of the assignor as a party to the action. But such absence was no reason for holding the defendant bound by a contract which he never made, and enforcing the performance thereof by him. If the assignor was a necessary party to a complete determination of the controversy, she should have been so made under the provisions of section 122 of the Code, instead of depriving the defendant of a right, to which he was clearly
 
 *492
 
 entitled, because of her absence as such party. It was for the protection of the interest of the plaintiffs, and not that of the defendant, that made her a necessary party, if so at all. By the sale and assignment of the mortgage to the plaintiffs’ testator, the assignor impliedly warranted that there was no legal defence to'its collection, arising out of its origin.
 
 (Delaware Bank
 
 v.
 
 Jarvis,
 
 20 N. Y., 226.) The defence and counter claim, based on the alleged mistake, if proved, showed a breach of this implied warranty, and it was important to the plaintiffs that the assignor should be concluded by the judgment establishing the mistake. But it was not necessary to make the assignor a party, to accomplish this object. It is well settled that a purchaser of property, with a warranty of title, upon being sued for the recovery thereof by one claiming a, paramount title thereto, may give notice to his vendor of the action, and offer to him the conduct of the
 
 defence;
 
 and that upon his so doing, the vendor is bound by the judgment in respect to the title, whether or not the defence is undertaken by him. This, in principle, is analagous to the present case. Here the assignor of the mortgage had impliedly warranted that it was a valid, subsisting instrument, for the payment of the sum of money therein specified, as therein provided for. Upon the coming in of the defendant’s answer, the plaintiffs were notified of the claim of the defendant, that it was not such ; that there was a mistake therein, which the defendant was entitled to have corrected, and that the defendant was liable only for the payment of the money in twenty semi-annual installments, instead of ten, as expressed in the mortgage. The plaintiffs might have given notice of this claim of the defendant to the assignor, and offered to her the future management of the suits, and this would have made the judgment binding upon her, in respect to the fact of the mistake. If the plaintiffs failed to do this, it was not the fault of the defendant. There was no dispute as to any of the facts. They were found by the judge, upon uncontroverted evidence, but may be controverted upon another trial. The exceptions were to his conclusions of law, that, upon the facts found, the
 
 *493
 
 defendant was not entitled to a correction of the mistake, and was bound to pay the money, as specified in the mortgage. These conclusions were erroneous, and the judgment based thereon must be reversed and a new trial ordered, costs to abide event.
 

 All concur.
 

 Judgment reversed.