[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 225 
The defendant remained liable as common carrier of the paper until the plaintiffs had a reasonable time to remove it, after notice of its arrival at the depot in New York city. (Fenner v.Buff. and St. Line R.R. Co., 44 N.Y., 505.) What is such reasonable time is, when there is no dispute as to the facts, a question of law for the court. (Roth v. Buff. and St. L.R.R.Co., 34 N.Y., 548.)
We do not perceive that there is here any dispute as to the material facts. It is certain that with three or four trucks, all the paper could easily have been hauled away before the close of defendant's business on the day on which one load was taken with one truck. It is certain too, that with the one truck of their own, two loads could have been received by the plaintiffs from the defendant on that day; so that it was a question of law for the court whether it was unreasonable for the plaintiffs to employ but one truck; or if reasonable to employ but one truck, whether it was reasonable to send it but once for paper that day. The learned judge left the question to the jury. In this we think that he erred; for, though we find no error in the terms of his instructions to the jury, nor in his refusals to charge the requests made by the defendant, yet as the finding of the jury was different from what we hold that the law determines, there was error *Page 226 
in committing it at all to the jury; which was injurious to the defendant.
The plaintiffs seek to hold the defendant to a strict liability as insurer of the goods. Asking that so rigid a rule be applied to the defendant, it is just that the plaintiffs in turn, be held to prompt and diligent action. A consignee cannot, after he has notice of the arrival for him of property, defer taking it away while he attends to his other affairs. He may not thus prolong the time during which the carrier shall remain liable as an insurer. That would be to make the carrier a mere convenience for the consignee, without consideration of any kind to the carrier, and yet resting under a great risk. So much time as the consignee after notice gives to his other business, to the neglect of taking charge of his property and removing it from the custody of the carrier, cannot be allowed to him in estimating what is a reasonable time for him in which, after notice of arrival, to take delivery of his goods. He is not to be compelled to leave all other business to take his goods from the hands of the carrier. He may attend first to whatsoever demand of his business he deems the most urgent or the most profitable; but he cannot do this at the hazard and expense of the carrier. It is the duty of the carrier to give notice of arrival; it is the duty of the consignee at once and with diligence to act upon this notice and to seek delivery, and to continue until delivery is complete. Either may neglect this his duty; but then the consequence of neglect must be borne by him.
Now the testimony here without conflict, shows that after the receipt by the plaintiffs of notice of the arrival of this paper, they continued for a space, in attention to other business than taking it from the defendant's charge; and that after one load had been taken, they turned again to other duties. They thus let slip time enough in which to have called for and have received another load. It may be true that this load would not have reached their store before the hour at which they usually closed it; and if it was of importance to them not to vary their habit in this, they could as *Page 227 
they did, refrain from returning to the depot for the second load. It would then have remained as it did, in the custody of the defendant, who could not have divested itself of the duty to care for it, as bailee thereof. But had the plaintiffs the right for their own convenience, to put upon the defendant the greater onus of holding it as insurers? There is no justice in compelling the defendant to be the sufferer thereby. There is no justice in it, that the time thus otherwise used by the plaintiffs should not lessen by so much the reasonable space accorded to them for removal of their effects.
We are not compelled at this time, to hold in this case that the plaintiffs were called upon to employ in the removal of the paper more than the single truck and the two servants with which they ordinarily effected the hauling of matter to and from their store. Circumstances might exist which would require more than this of a consignee.
The respondents suggested that the goods were destroyed through the neglect of the appellant. The case was not tried nor hitherto disposed of upon this theory. It would not be just at this stage of the matter, to determine it on that ground.
For the error at the trial there should be a reversal of the judgment, and a new trial ordered, with costs to abide the event of the action.
All concur, except PECKHAM, J., not voting.
Judgment reversed.