ALBANY CITY SAVINGS INSTITUTION, Respondent, *v.* MARY D.
BURDICK, Impleaded, etc., Appellant.

In an action to foreclose a mortgage, commenced prior to the enactment of
the Code of Civil Procedure, a deficiency judgment was demanded
against defendant B., to whom M., the mortgagor, had conveyed, subse-
quent to the mortgage, by deed, containing a clause stating that B. as-
sumed and agreed to pay the mortgage. M. and B. both appeared and an-
swered ; the latter alleged in her answer that she did not assume or
agree to pay the mortgage ; that M., to whom she intrusted the transfer,
without her knowledge or consent, fraudulently caused said clause to be
inserted ; that she accepted the deed, believing it had been drawn accord-
ing to the prior agreement, and that she did not know that it contained the
clause. She demanded that the deed be reformed by striking out the
clause and the complaint dismissed as to her. Upon the trial, B. offered
to prove the facts alleged in her answer ; this proof was objected to,
and excluded. *Held* error; that as the action was in equity, and M. a
party, a complete determination of every question arising under said
answer, in which plaintiff was interested, could have been had ; that if
it desired to have M. bound by the determination of the issues pre-
sented by said answer, it could have given him notice of B.'s defense,
and offered him the future management of the suit. (Code of Pro-
cedure, §§ 122, 274; Code of Civil Procedure, §§ 452, 1204.)

Also *held,* that the failure of B. to examine her deed was not such negli-
gence as deprived her of the right to relief on account of the fraud
alleged.

*Long* v. *Warren* (68 N. Y. 426), distinguished.

The provision of the Code of Civil Procedure (§ 521), declaring that when
a "judgment may determine the rights of two or more defendants as
between themselves, a defendant who requires such a determination
must demand it in his answer, and must, at least ten days before the
trial, serve a copy of his answer upon the attorney for each of the de-
fendants to be affected by the determination," confers no new power
upon the court, but is simply a regulation of practice.

*A. C. S. Inst'n* v. *Burdick* (20 Hun, 104), reversed.

(Argued October 20, 1881 ; decided November 22, 1881.)

APPEAL by defendant Mary D. Burdick from a judgment of
the General Term of the Supreme Court, in the third judicial
department, entered upon an order made February 13, 1880,
which affirmed a judgment in favor of plaintiff against said

defendant, entered upon a verdict. (Reported below, 20 Hun, 104.)

The nature of the action and the material facts are set forth in the opinion.

*Hugh Reilly* for appellant. The non-examination of the deed was not such negligence as took from the party the right to predicate fraud upon the transaction. (*Andrews* v. *Gillespie*, 47 N. Y. 478 ; *Botsford* v. *McLean*, 45 Barb. 478 ; *Kilmer* v. *Smith*, 77 N. Y. 226 ; *Hay* v. *Star Fire Co.*, 77 id. 236 ; *Welles* v. *Yates*, 44 id 525 ; *Chapman* v. *Rose*, 56 id. 137, 141 ; *Whitney* v. *Snyder*, 2 Lans. 477 ; *Irving Nat. Bk.* v. *Meyers*, 21 Alb. L. J. 84.) If there were no *laches* in signing, no liability would be created. (*Chapman* v. *Rose*, 56 N. Y. 137, 141 ; *Whitney* v. *Snyder*, 2 Lans. 477 ; Kerr on Fraud, 41 ; 1 Story's Equity, § 186 ; Lord Hardwick's Letter to Lord Kames ; Parkes' History of Chancery, 508 ; Bouvier's Dict., title Fraud, § 7.) The mistake or fraud in a written contract may be shown in an action by the assignee thereof, even if the assignor be not made a party. The defendant may show that no such contract or a different one was made. (*Andrews* v. *Gillespie*, 47 N. Y. 487 ; *Garnsey* v. *Rogers*, id. 233.) Where one party is intrusted by the other to draw a written instrument, he will be held strictly to the faithful performance of the trust so reposed, and will not be heard to say that the party defrauded should not have placed confidence in him. (Kerr on Fraud, 79, 182 ; *Barlow* v. *Scott*, 24 N. Y. 40 ; *Botsford* v. *McLean*, 45 Barb. 478 ; 1 De G., McN. & G. 660–710 ; 6 Ch. App. 645 ; 3 B. & C. 623 ; 6 Vesey, 277 ; 14 id. 273 ; 3 Cow. 537 ; 13 Barb. 511 ; 6 Vesey, 277 ; *Morris* v. *Budlong*, 16 Hun, 575.) The respondent stands in no better position than the mortgagor Martin. (2 Fisher & Harrison's Dig., tit. Fraud, p. 4116 ; *Scholefield* v. *Templer*, 1 Johns. 155 ; 5 Jur. [N. S.] 619 ; 28 L. J. Ch. 452 ; 4 De G. & J. 429 ; *Andrews* v. *Gillespie*, 47 N. Y. 487 ; *Arnold* v. *Nichols*, 64 id. 119 ; *Auburn Bk.* v. *Leonard*, 40 Barb. 136 ; *Whelan* v. *Whelan*, 3 Cow. 538 ; *Garnsey* v.

*Rogers*, 47 N. Y. 233.) Under the Code which allows the interposition of a defense, whether legal or equitable, the appellant was bound to set up the defense of fraud in this action. (*Dobson* v. *Pearce*, 2 Kern. 156; *Dambman* v. *Schulting*, 4 Hun, 50; *Foot* v. *Sprague*, 12 How. Pr. 355.) If respondent desired to bind Martin, it had only to notify him of the defense, and to come in and defend the action. (*Andrews* v. *Gillespie*, 47 N. Y. 487.) If resort to a "cross-action" was proper, the objection to the insufficiency of the pleadings being raised only at the hearing, under the well-established practice in Chancery the court itself would direct the cross-bill to be filed, when necessary to bring before the court the rights of the parties, and the matters necessary to a just determination. (*Field* v. *Scheifflin*, 7 Johns. Ch. 255; Story's Eq. Pl., § 316; Mitford's Ch. Pr. 82; 4 Metcalf, 104; 2 Barb. Ch. 130; 1 Hoffman's Ch. Pr. 346, note.) The Code did not require that there should be any prayer for relief in the answer. (Story's Eq. Pl., § 312, note 2; *Kimberly* v. *Sells*, 3 Johns. Ch. 467; *Livingston* v. *Livingston*, 4 id. 294; *Higginbotham* v. *Burnett*, 5 Johns. Ch. 184; 1 Johns. Cas. 423, 429.) The question now is, ought the plaintiff to recover? and any thing which shows that he ought not is available to the defendant, whether it was formerly of legal or equitable cognizance. (*Dobson* v. *Pearce*, 12 N. Y. 168; *Crary* v. *Goodman*, 12 id. 268.) In this action, all the parties being before the court, including the defendant Martin, it was in the province, and it was the duty, of the court to determine all matters in controversy. (Code of Procedure, § 122, sub. 1; New Code, § 452.)

*Amasa J. Parker* for respondent. A party desiring a reform of a deed should bring a bill in equity for that purpose. A mortgagor cannot ask this relief in answer to a bill to foreclose, but he may file a cross-bill. (1 Jones on Mortgages, 73, § 98; *French* v. *Griffin*, 18 N. J. Eq. 279; *Webster* v. *Bond*, 9 Hun, 440; *Simion* v. *Schenck*, 29 N. Y. 613; 2 Wait's Pr. 477; Code of Civil Procedure, § 521; *Cady* v. *Potter*, 55 Barb.

463; *Cassler* v. *Litts*, 6 Hun, 659; 1 Story's Eq., § 165; *Ramsey* v. *Mullen*, 5 Abb. N. C. 246, 255.) An equitable defense is not available in any case unless all the parties are brought in and impleaded to enable the court to adjudicate on all the questions in controversy. (*Auburn City Bk.* v. *Leonard*, 20 How. 193.) The deed itself is the contract between the parties, and can only be reformed upon the ground of a mutual mistake or of fraud. (*Story* v. *Conger*, 33 N. Y. 676.) When, by the exercise of diligence and by such an examination as a prudent person ought to have made, a person could have discovered the falsity of a representation, he cannot recover. (*Long* v. *Warren*, 68 N. Y. 426; *Slaughter's Admrs.* v. *Gerson*, 13 Wall. 383; *Bigelow on Frauds*, 66; *Tallman* v. *Green*, 3 Sandf. Eq. 441, 442; *Starr* v. *Bennett*, 5 Hill, 303; *Commissioners* v. *Younger*, 29 Cal. 172, 176; *Moran* v. *McLarty*, 11 Hun, 66–69; *Bacon* v. *Markley*, 46 Ind. 116; *Rogers* v. *Place*, 29 id. 577; *Craig* v. *Hobbs*, 44 id. 363; *Hawkins* v. *Hawkins*, 50 Cal. 558; *Jackson* v. *Craig*, 12 Johns. 427; *Albany City Svgs. Bk.* v. *Martin*, 56 How. Pr. 500; *Attwood* v. *Small*, 6 C. & F. 233.) It is only in very plain cases that a deed will be reformed. (*Mayhan* v. *Hartford F. Ins. Co.*, 12 Hun, 321, 323.) It was Burdick's duty to read the deed, and if there was a difference of opinion as to the meaning of the verbal contract he should then have said so. (*Botsford* v. *McLean*, 65 Barb. 478, 487; *Andrews* v. *Gillespie*, 47 N. Y. 487, 488.) Plaintiff has a right that the question whether the defendant assumed to pay the mortgage shall be, as to all parties, finally determined in one action. (*Vilas* v. *Jones*, 1 N. Y. 283, 284.)

EARL, J. This action was commenced to foreclose a mortgage executed to the plaintiff by George Martin, and a deficiency-judgment was demanded against the defendant Mrs. Burdick, on the ground that the mortgaged premises were, subsequent to the date of the mortgage, conveyed to her, subject to the mortgage, by a deed in which it was stated that she assumed and agreed to pay the mortgage. She and Martin both

appeared and answered the complaint.    She alleged that she
never assumed or agreed to pay the mortgage ; that she intrusted
Martin to procure the deed to be drawn, and that he, without
her knowledge or consent, fraudulently procured a clause to be
inserted in the deed binding her to pay the mortgage ; that she
accepted the deed, believing he had drawn it according to the
prior agreement, and that she did not know that the deed con-
tained the clause until about the time of the commencement of
this action, and she demanded, beside other relief, that the com-
plaint be dismissed as to her, and that the deed be reformed by
striking out the clause thus fraudulently inserted.    The defend-
ant Martin, in his answer, simply set up proceedings commenced
and pending against him in bankruptcy.    Upon the trial, the
plaintiff proved the mortgage from Martin to it, and the
amount due thereon, and put in evidence the deed from Martin
to Mrs. Burdick, which contained a clause reciting that she as-
sumed and agreed to pay the mortgage, and then rested.    Mrs.
Burdick then offered to prove the facts alleged in her answer,
both as a defense and for the purpose of reforming the deed,
and they were excluded, apparently upon the ground that an
issue had not been tendered to Martin.    Upon appeal by Mrs.
Burdick to the General Term, the judgment of the Trial Term
was affirmed upon the ground that her failure to examine the
deed and know its contents was such negligence on her part as
deprived her of the right to assert the alleged fraud or to have
any relief on account thereof ; and the decision was mainly
based upon the authority of the case of *Long* v. *Warren* (68
N. Y. 426).

To sustain the ruling at the Trial Term it is claimed that by
a cross-bill, or in some other way, Mrs. Burdick should have
tendered an issue to Martin as to the alleged fraud; that she
could defend the action only by a reformation of the deed, and
that she could not have such reformation upon an issue joined
solely between her and the plaintiff.

We are of opinion that the trial judge fell into error.    This
action is in equity, and Martin is a party and was thus before
the court.    A complete determination of every question in

which the plaintiff is interested arising upon the defense interposed by Mrs. Burdick could be made without the presence of any other party defendant but her. It has a bond against Martin, and its claim upon that could in no way be affected by a successful defense on the part of Mrs. Burdick. Its remedy upon that would be just as perfect as it was before Martin executed the deed to her. If, however, it desired to have him bound by the adjudication in the litigation between it and her, it could have given him notice of her defense, and offered him the future management of the suit, which would have made the adjudication binding upon him so far as it affected the relations between it and him. (*Andrews* v. *Gillespie*, 47 N. Y. 487.) Neither would an adjudication in a litigation solely between plaintiff and Mrs. Burdick affect Martin; no one could be harmed by his absence as a party to the litigation but Mrs. Burdick, who would be left liable to further litigation with him. Hence, no reason can be perceived for shutting out her defense upon plaintiff's objection. The facts alleged by her could be received as a defense, or an adjudication could be made that, as between these parties, the deed should be deemed reformed, and thus the plaintiff would not be unjustly prejudiced, and no rule of equity or justice would be violated. This is a case where the court could determine the controversy between the plaintiff and Mrs. Burdick "without prejudice to the rights of others or by saving their rights," and a complete determination of the controversy between them could be made without the presence of any other party. (Code of Procedure, § 122.)

But if the plaintiff desired an adjudication which should finally settle all the rights of all the parties, it could have made Martin, who was a party to the action, a party to the litigation, and this could have been done without a cross-action or another action of any kind. The power of the court for this purpose would have been ample under its general jurisdiction, and under section 274 of the Code of Procedure, which provides that "judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, and it may

determine the ultimate rights of the parties as between themselves."

Section 521 of the Code of Civil Procedure, enacted since this action was commenced, which provides that "where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant, who requires such a determination, must demand it in his answer, and must, at least ten days before the trial, serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination," confers no new power upon the courts acting in equity, but is simply a regulation of practice. The court had the power, in some mode to be prescribed by it, to make Martin a party to the litigation, so that he would have been bound by any adjudication made therein; and if the plaintiff, for its own protection or its own purposes, desired that he should be made a party, it should have invoked the exercise of such power, but it could not properly demand that Mrs. Burdick should be entirely deprived of her defense.

It is the distinguishing feature of courts of equity that they are not bound by cast-iron rules as to the forms of their judgments, and that the relief which they may administer is flexible, adapted to the exigency of the case in hand and it cannot be doubted that in this case, having control of all the parties, the court could have made a full determination of the entire controversy between them, growing out of the facts alleged in Mrs. Burdick's answer; and this it could have done upon the application of either one of the parties.

We are also constrained to differ from the learned General Term. The doctrine laid down by this court in *Long* v. *Warren* (68 N. Y. 426) has never before in this State, and very rarely elsewhere, been applied to a case like this. Indeed, in most of the cases to be found in the books, where relief has been sought against written instruments on the ground of fraud and mistake, the complaining parties were chargeable with the same kind of negligence which exists in this case, to-wit, the omission to read or understand the contents of instruments executed or accepted. It has certainly never been announced as

the law in this State that the mere omission to read or know the contents of a written instrument should bar any relief by way of a reformation of the instrument on account of mistake or fraud. It is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties however induced, or the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties.

In the case of *Welles* v. *Yates* (44 N. Y. 525), so far as can be perceived from the facts stated, there was the same room for charging the plaintiff with negligence in not understanding the contents of the deed executed by him as there is for charging Mrs. Burdick with negligence in this case, and yet the deed was reformed. In the case of *Botsford* v. *McLean* (45 Barb. 478) the facts were as follows: Upon a sale of personal property the purchasers agreed to pay therefor the sum of $6,000, viz.: $2,000 in cash and the balance in four equal annual payments with interest, for which they were to execute their four several promissory notes for $1,000 each with interest, payable in one, two, three and four years, and to secure the payment thereof by a chattel mortgage upon the property. The $2,000 was paid down and the chattel mortgage was executed conditioned for the payment of the notes with interest. Four several promissory notes were also executed by the purchasers for $1,000 each, payable at the times agreed, but two of them were so drawn as not to bear interest. The vendor, seeing that two of the notes were on interest, assumed that the other two were also on interest and accepted the same believing that all were properly drawn. The purchasers, knowing that two of the notes were so drawn as not to bear interest, purposely abstained from calling the vendor's attention to the fact. It was held that there was a mistake on one side and fraud upon the other, and that the two notes should be reformed so as to conform to the actual agreement between the parties, and the decision was affirmed in this court in 1870. In that case there was a certain degree of negligence in not reading the

two notes. It is said by the learned counsel for the plaintiff, in the argument before us, that there was artifice used in that case to induce the plaintiff to believe that the two notes were drawn with interest, that artifice being in drawing and placing before the plaintiff the first two notes payable with interest, by which the payee was thrown off his guard; but that circumstance was not the basis of that decision and does not distinguish that case from this. There was nothing there to prevent the payee from reading the notes, and he had abundant opportunity to do so. If he had read them, the mistake and fraud would have been discovered. There was at most, in substance, the representation that the two notes were drawn with interest; and if that was false, the means were at hand for its easy and ready detection. So in this case; Mrs. Burdick intrusted Martin to draw the deed, and he was bound to have it drawn so as to express the agreement between the parties; and when he brought and delivered the deed to her, it was in effect a representation to her that the deed had been so drawn. She was not bound to assume that he might be practicing a fraud upon her, or representing a falsehood, and she cannot be charged with negligence in believing confidently that he was acting in good faith and telling the truth. In omitting to read the deed, she was no more in fault than the plaintiff was in the case above cited, in omitting to read the two notes. In the case of *Andrews* v. *Gillespie* (*supra*), the attorney who drew the mortgage made it payable in five years instead of ten, as agreed between the parties, and it was held that the mortgagor could have it reformed. There the mortgagor could have discovered the mistake by simply reading the mortgage. No artifice was used to prevent him from reading it. He executed it believing that the attorney had drawn it correctly, just as Mrs. Burdick in this case accepted the deed, believing it had been drawn correctly, and the fault of negligence was just as great in the one case as in the other; and certainly, if such negligence does not bar relief on the ground of mutual mistake, there can be no foundation for saying that it should do so in the case of a clause inserted in an instrument by fraud. In the case of *Kilmer* v. *Smith* (77

N. Y. 226) the facts were as follows: Defendant S. contracted to sell and convey to defendant D. certain premises subject to certain mortgages thereon. D. assigned the contract to plaintiff. S. executed a deed to plaintiff, containing a clause by the terms of which plaintiff assumed and agreed to pay the mortgages, which deed plaintiff accepted and put on record, in ignorance of the fact that the clause was contained therein, and supposing that the deed in that particular followed the terms of the contract; such clause was inserted also without the knowledge or consent of S. It was held that the plaintiff could have a reformation of the deed by striking out the clause thus inserted, not upon the ground of a mutual mistake as to the contents of the deed, but upon the ground of mistake upon one side and fraud upon the other. There, there was the same negligence in not reading the deed as is charged to Mrs. Burdick in this case, and yet relief was not denied.

A further citation of authorities is not needful. It is clear that to deny Mrs. Burdick relief on the ground of her supposed negligence would be a wide departure from principles laid down in numerous authorities in this State.

The principles laid down in *Long* v. *Warren*, and the cases upon which it rests, have never been applied in this State to a case where it is simply sought to make an instrument, which by mistake or fraud fails to express the prior agreement between the parties, conform to such agreement. The authority of that case should not be extended to cases not clearly within the principles there laid down. It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded when he demands relief that he ought not to have believed or trusted him. Where one sues another for negligence, his own negligence contributing to the injury will constitute a defense to the action; but where one sues another for a positive, willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief. If the rule were otherwise, the unwary and confiding, who need the protection of the law the most, would be left a prey to the fraudulent and artful practices of evil-doers.

It is not to be feared that the rule as to the reformation of written instruments which we have herein laid down will lead to any serious mischief if the other well-established rule is observed, which requires that before any reformation of a written instrument can be had upon parol evidence of mistake or fraud, such evidence must be very clear and satisfactory.

The answer of Mrs. Burdick is quite prolix and verbose, ·but it contains allegations which, if true, would have furnished grounds for the relief she demands. She should, therefore, have been permitted to prove them.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.