Hardin, P. J.
We are of the opinion that the evidence given upon the hearing warranted the finding of facts made by the referee.
We may not disturb his report, though as an original question we might, upon reading of all the evidence, be of the opinion that the evidence of the defendant should have-credence instead of the evidence of the plaintiff.
There being a conflict in the evidence, it was the province of the referee to determine where the truth was in regard to the disputed questions of fact.
We are of the opinion that upon the merits the case was properly decided, and that we ought not to disturb the-report.
In Bush v. Hicks (60 N. Y., 302) it was said, “although the parties understood what language was contained in the-deed, if they believed the description corresponded with the actual boundaries of the land intended to be conveyed, and were mistaken, the case for a reformation was made out.”
We think the case in hand comes within the principles in that case, and that the referee has found upon sufficient-evidence that the parties fell into a mistake of fact, and that his conclusions of law upon the facts found are-correct.
In Albany City Savings Institution v. Burdick (87 N. Y., *239 47), it was said: “It is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties, however induced, or the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties.”
Oral evidence was competent to establish.the mistake of the parties. 1 Story’s Eq. Juris., § 156.
One Marsh had purchased of Titus a parcel of land adjacent to that which Titus intended to sell to Perry, and had gone into possession of the same.
He was called as a witness by Titus, and gave evidence to the effect that soon after he went into possession he had his lines run, and added: “Had first talk with Perry very soon after I bad my lines run and before Perry had bought.” He was then asked to state, “what the talk was so far as related to the lands you bought of Mr. Titus and their boundaries.”
This was objected to by Perry, and his exception taken to a ruling admitting the evidence. The witness then testified: “I told Mr. Perry that in running out my lines around the property, I found that the north line was about three feet into a store-house and coming out on the south. * * * I showed him where my lines were.” The witness continued and stated he had another talk with Perry after he bought, and stated that Perry said, “it would be a good plan to have a road between us to be used jointly, on north side of my house.” Perry moved to strike out the evidence, and the motion was denied, and an exception was taken.
We think the evidence was properly allowed of the dec- ' lotions of Perry, as they were inconsistent with his positions in regard to the issue upon trial, and inconsistent with his evidence, and tended strongly to show that he knew where Marsh’s land was situated, and that Titus, after his deed to Marsh, did not own parts of the lands which Perry claimed by his deed to have acquired from Titus.
We are of the opinion that the case was correctly tried and decided.
Judgment affirmed, without costs to either party.
Martin and Follett, JJ., concur.