SMITH *et al. v.* SMITH.

(*City Court of Brooklyn, General Term.* November 24, 1890.)

CANCELLATION OF DEED—FRAUD.

> Where a deed of real estate is obtained by the fraudulent representation of the grantee and her attorney that it was only an instrument authorizing the collection of the rents, an action to cancel the same is not defeated by the fact that the grantors did not read the deed; but relied on the professional knowledge of the attorney, and the grantee's affection for them as their aunt.

Appeal from special term.

Action by Robert J. Smith and Thomas H. Smith against Margaret Smith. There was a judgment for plaintiff, and defendant appeals therefrom. For former report, see 7 N. Y. Supp. 193.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Johnston & Johnston,* for appellant. *Horace Graves,* for respondents.

CLEMENT, C. J. In the year 1875, one Ann McCool died intestate, seised of real estate in this city, leaving as her heirs two sisters, Hannah Smith, and Margaret Smith, the defendant, and a brother, Anthony Phillips. In 1876, said Hannah Smith died intestate, and her only heirs were two sons, the plaintiffs, and one daughter. It is claimed that Anthony Phillips was an alien, and never resided in the United States, and took no interest in the real estate; but that question is immaterial in this case. The defendant seems to have taken charge of the real property left by Ann McCool, which produced rents sufficient only to pay interest, repairs, and taxes. On or about April 24, 1880, the plaintiffs and their wives conveyed by deed to the defendant their interest in such real property, and this action was brought to cancel such deed, on the ground that the same was obtained by fraudulent representations by the defendant and her attorney. The learned trial judge found that the deed was obtained on the representation that it was an instrument which gave the defendant only the power to collect the rents, and that the plaintiffs did not read the paper, relying on the professional knowledge of the attorney of the defendant, and on her affection and good-will as their aunt. There was a conflict in the testimony, and the findings at special term are not against the weight of evidence, and the only question in the case seems to be as to the conclusions

of law drawn from the facts as found.   Many authorities of other states have been cited by the counsel for the appellant.   It is not necessary to review such authorities in view of the case of *Institution* v. *Burdick*, 87 N. Y. 40, which seems directly in point, and upholds the law as held at the trial. Judge EARL, in that case, says, (page 49:) "It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded, when he demands relief, that he ought not to have believed or trusted him.   Where one sues another for negligence, his own negligence contributing to the injury will constitute a defense to the action; but where one sues another for a positive willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief."   In the case before us, the plaintiffs were negligent in not advising with an attorney before they executed the paper which they ask now to cancel; but they saw fit to rely on the statement of the attorney for the defendant, with whom they were acquainted.   On the facts of this case, it is clear that the deed should be canceled.   We have considered the exceptions in the case, and find no error.   Judgment affirmed, with costs.