79  69
8ap366

ROCHESTER AND KETTLE FALLS LAND COMPANY, Respondent, *v.* R. IRVING DAVIS, Appellant.

*Written contract — parties thereto assumed to know its contents — equitable relief.*

It must be assumed that the parties to a written contract knew what its terms were when they executed it.

As a general rule, relief cannot be founded upon a mistake as to the legal effect of an instrument or upon ignorance of law. But where one party is induced to and does execute an instrument upon the faith of the representation that it is drawn in accordance with the understanding of the parties, when in fact it has not been so drawn, he may have relief upon the ground of fraud if nothing further appears to deny it to him.

APPEAL by the defendant, R. Irving Davis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 28th day of December, 1893, upon the decision of the court rendered after a trial at the Monroe Special Term, and also from the order directing judgment, entered in said clerk's office on the 28th day of December, 1893, with notice of an intention to bring up for review on such appeal the interlocutory judgment entered in said clerk's office on the 21st day of November, 1893.

*Petrie, Timerman & Pardee,* for the appellant.

*James G. Greene,* for the respondent.

Judgment appealed from affirmed, with costs, on the opinion of BRADLEY, J., at Special Term.

The opinion of the Special Term was as follows:

BRADLEY, J.:

By written contract of date May 7, 1891, made by the parties to it, William C. Waite agreed to sell to the defendant a certain parcel

of land situate in the county of Stevens and State of Washington, for the sum of $300, payable as follows : $100 at time of execution of the contract, $100 in six months, and $100 in one year, with interest. The first payment was made, and the purpose of this action is to require the defendant to complete the performance of the contract.

The defendant by his answer alleges :

1. That by the terms of the contract he was permitted to abandon it by forfeiture of the sum paid upon it.

2. That prior to and on May 7, 1892, the said Waite, or his agents, exhibited to the defendant a contract of which that before mentioned purported to be a copy, and fraudulently represented to him that if he would purchase the property, that by the terms of the contract he would have the right and privilege to cease making payments and to abandon the contract and be relieved from any subsequent payments thereon, and that by such representation he was induced to believe that such would be his privilege and to execute the contract.

The terms of the contract executed by the defendant do not enable the defendant at his election to abandon it and be relieved from the obligation to pay the purchase money mentioned in it as he has sought to do. The question arises whether, upon the evidence, he may be relieved from it by reason of any mutual mistake of the parties to it or fraud on the part of the vendor.

While the title to the property was in William C. Waite, it is quite evident the plaintiff was the beneficiary of the title. The plaintiff is a corporation of the State of New York, created for the purpose of " purchasing, taking, holding and possessing real estate and buildings, and selling, leasing and improving the same," having its principal business office in Rochester, N. Y. Mr. Waite was secretary of the company. Late in April, 1891, several persons, including some of the officers and directors of the company, the defendant and others, left Rochester on an excursion to the State of Washington to look over the property there, and returned to Rochester on May sixteenth. The party were at Kettle Falls in that State from the second to the eleventh of May, and within that time the lot in question was examined and selected by and for the defendant. Mr. Waite was not one of the party, and the defendant had no conver-

sation with him upon the subject of the purchase of the lot, but with Mr. Weaver, the president, and Mr. Aris, the general manager of the company, who were in the party, he did talk upon the subject, and they said in effect that whoever made a contract for the purchase of any of the land at Kettle Falls would have the right to abandon the contract and be relieved from making future payments, and on such election would forfeit the payments before then made upon the contract and any improvements in the meantime made upon the premises.

The inference is fairly justified that the defendant then understood that such would be his privilege if he entered into contract for the purchase of any of the land.

On or about the 29th day of June, 1892, the defendant received by mail at Little Falls, N. Y., his place of residence, the contract in question, executed in duplicate by William C. Waite, and he on that day executed both and returned one of them by mail to Waite, and retained the other in his possession. The contract so executed did not in its terms express or give the defendant the optional right to relief from performance which he had understood he would have, in the interview above mentioned, with the persons to the negotiation several weeks before the time of the execution of the contract. It does not appear that any representations accompanied the contract or were made to the defendant in respect to its terms at the time of its execution otherwise than they were expressed by it.

It must be assumed that he knew what were the terms of the written contract when he executed it, and it does not appear that at any time afterwards until after this action was commenced he expressed any dissatisfaction with its provisions. While this contract was not in the respect before mentioned such as the defendant may have supposed he would be called upon to execute, or such as he had promised to make, it is difficult to see any support for a conclusion that there was any mutual mistake of the parties to it in respect to its terms, or fraud on the part of the vendor in procuring its execution by the defendant. His opportunity to examine it was ample, and he retained a duplicate of it. As a general rule, relief cannot be founded upon a mistake as to the legal effect of an instrument or upon ignorance of law. But where one party is induced to, and does, execute an instrument upon the faith of the representation

that it is drawn in accordance with the understanding of the parties, when in fact it has not been so drawn, the former may have relief upon the ground of fraud if nothing further appears to deny it to him. Whatever the expectation of the defendant may have been in the present case, he was not, by any representation as to its terms other than as they appeared in the contract, induced to execute it. There was no legal obligation of the vendor to make a contract of sale upon any other terms than those expressed in it, and of them the defendant by its inspection must be deemed to have been advised when he executed it. To support a charge of fraud for relief of a party from his contract under such circumstances would be going beyond a well-established rule of law and further than it is prudent to go, to find the means of relieving a party from his contract.

If it appeared that the defendant was by any circumstances misled into the execution of the contract, supposing it was otherwise than it was in terms, relief may have been granted to him. Such was the case of *Botsfell* v. *McLean* (45 Barb. 478), where two of four notes on time were drawn without interest when it was evident that it was intended they should all bear interest from their date, and the party, seeing that two of them contained the interest clause, failed to observe that it was omitted in the others. It was held he was entitled to reformation of those two notes.

In *Albany Savings Institution* v. *Burdick* (87 N. Y. 40) the grantor of Mrs. Burdick drew the deed, and, contrary to the understanding, inserted a clause to the effect that she assumed the payment of a mortgage he had given upon the premises. She, having trusted to him to prepare the deed, did not examine it to see that the assumption clause was in it, and did not know it was there. The court held that she was not, under the circumstances, necessarily chargeable with negligence to defeat her claim to reformation. Those cases do not seem to support the defense in the present case. There it appeared that the payee in the note and the grantee in the deed did not know of the omission of interest on the two notes there in question, or of the existence of the assumption of mortgage clause in the deed at the time the notes and deeds were delivered and accepted.

In the case at bar it does not appear that the defendant did not

read the contract before he signed it, or that he did not then know its contents. He does state that upon signing the contract he relied upon the statements which had been made to him by Weaver and Aris and supposed the contract was the same. This must have had relation to his understanding of its legal effect, as he does not say that he failed to read it and ascertain its provisions as he had the opportunity to do deliberately before executing it.

In the view taken, the defendant is not entitled to relief on the ground of mutual mistake of the parties to the contract or of fraud on the part of the vendor.

The question of title is raised on the part of the defendant. The plaintiff gave evidence with a view to support the title in Waite at the time the contract was made. Amongst other evidence in that direction was a patent of the United States under the official seal, of date December 17, 1890, subscribed by the President of the United States, by M. M. Kean, secretary, and by the receiver of the general land office, granting certain lands including that in question to Peter M. Hacking. Objection was taken by the defendant to the introduction of this instrument in evidence. It was received in evidence and the question of its admissibility reserved. The objection is overruled and exception allowed to the defendant.

There was also offered in evidence what purported to be a certified copy of a power of attorney of Kingsbury to Goss, who as attorney in fact executed a deed of the premises to Chickering, and the question was reserved upon the objection taken to it on the ground that it was not properly authenticated. The objection is sustained. But other evidence was given of the execution of the power of attorney, and its contents were proven in support of the deed from Kingsbury to Chickering, and by the introduction of the patent of 17th December, 1890, before mentioned, the question arising upon reception in evidence of the certified copy of the receiver's receipt of the purchase money from Hacking was practically disposed of as unimportant for consideration. It appeared by the conveyance put in evidence that William C. Waite had title to the premises at the time he made the contract with the defendant. He afterwards, in February, 1892, conveyed the premises to George Herbert Smith, and before the commencement of this action Smith's

warranty deed with a certified copy of discharge of a mortgage was tendered to the defendant, and the payment of the residue of the purchase money demanded, all of which were refused, but the defendant did not refuse to accept the deed for want of the personal warranty of Waite, his vendor in the contract, and no such objection seemed to have been at any time made by the defendant to the conveyance offered him.

It is urged that the taking of the assignment of the contract by the plaintiff was not within its corporate power, and, therefore, no relief founded upon it was available to the plaintiff in the action. It may be assumed that the mere taking an assignment from the vendor of a contract for sale of land was not within the corporate powers of the defendant as it was personalty only. If, however, the defendant should take also the title to the realty the assignment of the contract would be a legitimate incident to it, and as such within the corporate purpose of the plaintiff.

But is the question of *ultra vires* available to the defendant as a defense? The contract of assignment by Waite to the plaintiff is an executed one. While it is true that the defendant's contract is executory, it was not made by him with the plaintiff. It was valid in its inception, and the plaintiff's title to the contract was perfected by the assignment, and in no sense is dependent upon performance of any executory contract.

The plaintiff is not seeking to enforce performance of any contract made by it, but a contract to which it had derived title from another. The question of *ultra vires* does not seem to concern the defendant, or to furnish any support for his defense. (*Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Holmes & G. M. Co.* v. *H. & W. M. Co.*, 127 id. 252, 260.)

No other question seems to require consideration.

The plaintiff is entitled to judgment.