## KNOBLOCH v. KRACKE et al.

(Supreme Court, Appellate Division, Second Department. May 9, 1912.)

1. REFORMATION OF INSTRUMENTS (§ 45*)—EVIDENCE.

In an action for the reformation of an instrument, evidence *held* to sustain a finding that an instrument conveying an entire plot of 100 feet had been intended by the parties to convey but 50 feet thereof.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 157–193; Dec. Dig. § 45.*]

2. REFORMATION OF INSTRUMENTS (§ 9*)—MUTUAL MISTAKE.

Where there was a mutual mistake in drawing an instrument, equity can decree its reformation, whether it is executory or executed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 23; Dec. Dig. § 9.*]

3. REFORMATION OF INSTRUMENTS (§ 32*)—LACHES.

Where the grantor in a deed which, contrary to the intention of the parties conveyed all of certain premises, rather than a half thereof, continued in possession of the half which he intended to retain, until his death a couple of years later, an action for the reformation of the instrument brought by his heirs on the discovery of the mistake a few years thereafter was not barred by laches.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 119–121; Dec. Dig. § 32.*]

4. WITNESSES (§ 139*)—TRANSACTIONS WITH DECEDENT.

In an action for the reformation of a deed, testimony of an alleged conversation between a defendant and the plaintiff's intestate, who made the conveyance in question, was properly refused, where none of the conversations testified to by plaintiff's witnesses related thereto, and the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract for the sale of the property was not made at the time thereof, under Code Civ. Proc. § 829, which provides that one interested in the event of an action shall not be examined in his own behalf against the executor, administrator, or. survivor of a decedent concerning a communication between the witness and the decedent, unless the other party has introduced evidence of the same transaction.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 582–597; Dec. Dig. § 139.*]

5. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR.

Any error in the exclusion of testimony as to conversations with a decedent was harmless where the defendants were subsequently permitted to testify without objection as to many conversations with him, and thereby established as favorable a record as they could have had, had the excluded testimony been allowed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Appeal from Special Term, Nassau County.

Action by Lillian Knobloch against Philip Simon and others. From a judgment for plaintiff, Philip Simon and another appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Charles J. Buchner, of Brooklyn, for appellants.
Harrison C. Glore, of Brooklyn, for respondent.

HIRSCHBERG, J. This is an action for the reformation of a deed given by plaintiff's intestate, one Charles L. Kracke, on the ground that the description of the property conveyed was erroneous, owing to the mutual mistake of the parties, and for the partition of certain land claimed to have been mistakenly included in the description in said deed. In 1905 said Kracke purchased a parcel of real estate in Nassau county, 100 feet in width by 170 feet in depth. In 1906 he erected a two-family framehouse on the southwesterly half of the property. In June, 1906, he entered into a written contract under seal with the defendant Philip Simon, whereby he agreed to convey the northeasterly half of the property to Simon. That contract described the property to be conveyed as 50 feet in width. The title was closed on August 1, 1906, and Simon's attorney, who prepared the deed, inadvertently included the entire 100 feet of Kracke's lot in the description in the deed to Simon. The attorney took that description from an old deed, instead of from the contract of sale. At the time of the sale Kracke had divided the 100-foot lot into two lots by a fence, thereby separating the 50 feet to be sold—that is. the northeasterly half—from the 50 feet whereon his house stood—that is, the southwesterly half. After the closing of title Kracke continued in possession of the southwesterly half, and rented the house thereon until his death in 1908. The mistake in the description was not discovered until about the time of the commencement of this action. During all the time between the passing of title and the commencement of this action, Kracke, and after his death his widow, collected the rents, and paid the taxes on said southwesterly half of the lot. After the discovery of the mistake in the description in the

deed, the plaintiff requested the appellants, Simon and his wife, to sign a quitclaim deed, releasing the southwesterly half of the property inadvertently included in the description in the deed from Kracke to Simon, and they refused. The appellants interposed an answer in this action, admitting that since the date of Kracke's deed he and his heirs had remained in possession of the southwesterly half of the premises in question and collected the rents thereof, but claimed that said possession had been wrongful and asked for an accounting regarding such rents. On the trial the appellants claimed that Kracke had intended to sell the entire 100 feet, and that the deed was correct and the contract of sale incorrect. The learned trial justice found against such claim, and accordingly awarded judgment conforming the description in the deed to the description in the contract of sale.

[1] It seems evident that Kracke intended to sell, and that Simon intended to purchase, only the northeasterly half of Kracke's lot. The fact that Kracke and his heirs were allowed to continue the exercise of the rights of ownership over the southwesterly half and the house thereon is inconsistent with any other theory. In any event, there is ample evidence in the case to sustain the learned trial justice's finding that there was a mutual mistake in drawing the deed.

[2] Where the mistake is mutual, equity can decree reformation of executed as well as of executory contracts. Gillespie v. Moon, 2 Johns. Ch. 585, 7 Am. Dec. 559, and Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371.

[3] There does not appear to have been any laches, and the plaintiff moved with reasonable promptitude upon discovering the error. Until the death of Kracke and the discovery of the error on the settlement of his estate, nothing occurred likely to apprise any of the parties of the mistake. The lapse of time since the giving of the deed has not prejudiced the rights of any one. Under the circumstances, therefore, the plaintiff is not barred of her relief. See Gillespie v. Moon, supra, 2 Johns. Ch. 600, 602, 7 Am. Dec. 559; Andrews v. Gillespie, 47 N. Y. 487; Penfield v. Village of New Rochelle, 18 App. Div. 83, 88, 45 N. Y. Supp. 460, affirmed, on opinion below, 160 N. Y. 697, 55 N. E. 1098.

[4] The appellants claim that the learned trial justice erred in excluding an alleged conversation between the defendant Philip Simon and the plaintiff's intestate, as precluded by section 829 of the Code of Civil Procedure. None of the conversations testified to by plaintiff's witnesses related to the excluded conversation, and the contract for the sale of the property was not made at the time of the excluded conversation. Such conversation, therefore, would seem to have been a different communication or transaction from those referred to by the plaintiff's witnesses, and was therefore properly excluded. See Martin v. Hillen, 142 N. Y. 140, 36 N. E. 803; Rogers v. Rogers, 153 N. Y. 343, 47 N. E. 452.

[5] Even assuming, however, that such ruling was erroneous, I fail to see that the error has prejudiced the appellants' case. Subsequently to the ruling the appellants were allowed without objection to tes-

tify fully with regard to many conversations with plaintiff's intestate, and would seem to have been allowed to establish as favorable a record as they could have done had the excluded question been allowed.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.