CAESAR SABELLI and Another, Plaintiffs, *v.* BELLANCA AIRCRAFT CORPORATION and Others, Defendants.

Supreme Court, New York County, June 20, 1929.

*Harry Krauss,* for the plaintiffs.

*J. Robert Rubin,* for the defendants.

LEVY, J.    This is a motion to dismiss each of the causes of action alleged in the complaint for failure to set forth sufficient facts to constitute a cause of action, or, in the alternative, to strike certain allegations from that pleading as sham, frivolous and tending to prejudice a fair trial of the cause.    It is also sought to compel an amendment of the complaint for improper misjoinder of North Oceanic Airways Corporation as plaintiff and Andrew Bellanca as defendant.

The suit is based on certain agreements made between the plaintiff Sabelli and the defendant Bellanca Aircraft Corporation.    The first agreement, dated August 12, 1927, provided for the manufacture and sale to the plaintiff Sabelli by Bellanca Aircraft Corporation of a certain monoplane according to definite specifications.    The price was $33,000 payable in the manner provided in the writing.

The second agreement, dated May 4, 1928, contained provisions for certain changes in the type of machine, the price and the terms of payment. The third agreement, dated May 22, 1928, recites the payment of the sum of $35,822.02 by plaintiff Sabelli to the corporation and provides for the payment of the balance amounting to $1,900 within sixty days of that date. This document further acknowledges receipt by the plaintiff Sabelli of the monoplane and contains covenants as to the performance of certain warranties by the seller. The agreement goes on to stipulate among other things that title is to remain in the seller corporation until the comparatively small balance of $1,900 shall have been paid, and until the plaintiff Sabelli shall have performed all the terms of said agreement. The defendant Bellanca Aircraft Corporation is also given the right, without demand and without legal process, to retake possession in the event of a breach of the contract by Sabelli or his failure to pay the $1,900, in which event it is provided that the plaintiff Sabelli " waives all claims for damages due to or arising from or connected with any such taking," and the payment previously made in the sum of $35,822.02 is to be deemed forfeited to the corporation.

Plaintiff Sabelli charges that he signed the agreement of May twenty-second without reading it, relying on the false representations of the defendants that the paper was merely a receipt for the monoplane and an acknowledgment on his part of the balance due thereon in the sum of $1,900. It should be noted that this last agreement also contains other covenants to be performed on the part of the plaintiff Sabelli which do not appear in the preceding two contracts and for which, so far as the papers disclose, there is apparently no adequate consideration. There are other allegations of fraudulent conspiracy on the part of the defendants to deprive plaintiff Sabelli of the use of the monoplane in question and to frustrate his intended flight from the United States to Rome. The correct rule of law on avoiding contracts not read by a party whose signature was procured by fraud is aptly set forth in 13 Corpus Juris, 371, as follows: " Of course if the other party induces the signer to sign the paper without reading it, and to rely on his statement as to the contents, this may give the signer the right, if the statement was fraudulent, to avoid the contract as against him on the ground of fraud."

Here, the plaintiff Sabelli signed three papers at different times. The first was the original contract and the second a modification. About neither of these is there any seeming grievance. The third paper is the one about which the issue of fraud is raised. It obviously attempts to substitute an entirely new agreement,

with onerous conditions respecting a conditional sale not previously contemplated. It is well within the realm of probability to assume that plaintiff never realized the necessity of executing a new agreement with such terms, in view of the existence of a previous binding contract; and it is quite consistent with his theory of the action that there was no reason for an assumption on his part that he was signing a new contract. His reliance under these circumstances cannot be said on a motion of this character to have been such negligence as to necessarily bar him from relief. (*Albany City Savings Institution* v. *Burdick*, 87 N. Y. 40.) The fact that he includes in his complaint a claim for some elements of damage which may not be properly recovered does not vitally affect the validity of his cause of action.

I conclude, therefore, that the complaint is sufficient as to the first cause of action, and the motion to dismiss as to it is accordingly denied. As to the claim of misjoinder of parties plaintiff, the facts alleged do not show a cause of action to exist in the North Oceanic Airways Corporation. All that is averred is, that to the knowledge of the defendants this corporation advanced some of the moneys for the enterprise. This is clearly an insufficient allegation upon which to predicate causes of action in favor of the corporation in fraud and conversion.

The motion to dismiss the second cause of action is based upon the ground that the complaint does not show that the individual plaintiff was entitled to possession of the plane or that he had legal title thereto, or that he had actual possession, or that the defendants assumed control thereof without authority. The allegations in the pleading, however, are sufficient to show that this plaintiff had possession of the plane and that he was unlawfully deprived thereof by the defendants who, under cover of the sale, obtained possession and thereafter resold it. The motion to dismiss the second cause of action for insufficiency is, therefore, denied.

That branch of the motion which seeks to strike out certain allegations of the complaint is granted to the extent of striking out the allegations of the 9th, 17th and 18th paragraphs of the complaint and also the allegations of the first three lines of paragraph 37.

The motion of the defendant Andrew Bellanca to dismiss the complaint as to him on the ground that he is improperly joined as a party defendant is denied, as the allegations of the complaint tend to connect him directly with the charges set forth. Motion granted, therefore, to the extent indicated, with leave to plaintiff to serve an amended complaint within ten days upon payment of ten dollars costs within like period.