Freedman, J.
This action was brought to recover a balance of $15,657.21 due on a bond made by the defendant, together with his wife, now deceased, to the’ plaintiff in 1872, conditioned to pay the plaintiff the sum of $20,000.
On the trial it appeared that the bond in suit had been originally secured by a mortgage made by the obligors therein named on certain property situated at Elizabeth, N. J.; that such mortgage had been foreclosed in 1882, and the mortgaged premises sold thereunder for $3,000, and that a balance remained due on the bond which, with interest up to the day of the trial, amounted to $20,123.49.
At the close of the evidence on both sides the .court directed a verdict for the defendant on . the ground that leave of the court in which the foreclosure suit took place, had not been obtained for the purpose of bringing an action to recover the deficiency due on the bond, to which direction the plaintiff duly excepted.
The plaintiff’s exceptions were ordered to be heard in the first instance at general term.
The direction of the verdict is sought to be upheld under the provisions of section 1628 of the Code of Civil Procedure, which are as follows :
“ While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought.”
The question therefore is whether that section can he held to apply to foreclosures outside the State of New York.
The section referred to is a re-enactment of the provisions of the Bevised Statutes to about the same effect (2 R. *71 S. 191). Before the Revised Statutes no decree for deficiency could be rendered in a foreclosure suit (Dunkley v. Van Buren, 3 Johns. Ch. 330). To recover the deficiency, where one arose, a separate suit at law upon the bond was necessary, and the creditor had the right to institute proceedings at law upon the bond even during the pendency of the foreclosure suit (Jones v. Conde, 6 Johns. Ch. 77).
The debtor was thus subjected to a double litigation, and the provisions of the Revised Statutes were enacted for the express purpose of abolishing this oppressive course of proceeding (Equitable Life Ins. Co. v. Stevens, 63 N. Y. 341, 345).
One of the provisions thus enacted was that after the filing of a bill for the satisfaction of a mortgage, the court should have power to decree payment of the deficiency by the mortgagor, and issue execution thereon (2 R. S. 191, § 152). Another was that after the filing, and during the pendency of the bill, and after decree rendered thereon, proceedings at law for the recovery of the mortgage debt should not be had, unless authorized by the court of chancery (Ib. § 153). It was also provided that a person, other than the mortgagor, who was liable for the mortgage debt, might be make a party to the suit, and payment of the deficiency decreed against him (Ib. § 154).
These provisions were all contained in tit. II, of chap. I, of part III of the Revised Statutes, which was entitled “ Of the court of chancery,” and in art. VI, of said title, entitled “ Of the powers and proceedings of the court, upon bills for the foreclosure or satisfaction of mortgages,” and they were evidently intended to regulate the foreclosure of mortgages in the State of New York only. The “bill” referred to was a bill filed in the court of chancery, and it was only after the filing “ of such bill,” that is, a bill filed in the court of chancery of the State of New York, that proceedings at law for the recovery of the mortgage debt were forbidden.
The provisions of the Revised Statutes have been re-en *72 actpd in the Code of Civil Procedure with such changes only as were rendered necessary by the changes in the judicial system, that is, by the change in the organization of the courts of the State, and the fusion of law and 'equity.
Section 1628 of the said Code is contained in chapter XIV. entitled “ Special pro visions regulating actions relating to property,” and in tit. I, entitled “ Actions relating to real property,” and in article IV, entitled : “ Actions to foreclose a mortgage.” It is therefore a regulation in regard to the foreclosure of mortgages upon real property in the State of New York. It does not attempt to regulate actions on bonds generally, but only actions on bonds which are secured by mortgage on real property in New York. Bonds secured by mortgages on real property in other States, are not distinguished from bonds made without collateral security.
An action to foreclose a mortgage upon real property is a strictly 'local action as distinguished from a transitory action, and consequently must always be brought within the territorial limits of the State in which the property is situated and which conferred upon the court jurisdiction over the subject-matter of the action. The provisions of the Code of Civil Procedure, relating to the foreclosure of mortgages, are intended to regulate the remedy in such cases within the territorial .limits of the State of New York, and the remedy is to be had through the action of certain courts witliin the State. By analogy of reasoning, no greater extra-territorial force can be given to any such provision of the said Code, than was given in Van Voorhis v. Brintnall, 86 N. Y. 18, and Thorp v. Thorp, 90 N. Y. 602, to the disqualification to marry again imposed by the judgment of a court of this State upon a defendant adjudged under the statutes of this State to have been guilty by adultery. It certainly cannot be inferred from the language of section 1628, that the intention of the legislature was that application for leave to bring an action in the State of New York, was to be made to a court of another State, which under the *73 laws of that State might have no power to grant such leave, or the action of which, even if it possessed the power, could not he reviewed by any appellate tribunal of this State.
For the foregoing reasons the direction of the verdict was erroneous.
The plaintiffs exceptions should be sustained, the verdict set aside, and a new trial ordered with costs to the plaintiff to abide the event.
Sedgwick, Ch. J., and O’Gorman, J.. concurred.