The New York Life Insurance Company, Appellant, v. James Aitkin, as Executor, etc., Respondent.

A covenant in a deed whereby the grantee assumes and agrees to pay a mortgage upon the premises conveyed, after it has come to the knowledge of the owner of the mortgage and has been adopted by him as a security for his own benefit, may not be released by the grantor, without the assent of the mortgage creditor, and such a release is no defense to an action brought by the latter upon the covenant.

It seems the same rule prevails in the state of New Jersey, in a case where the release was executed for the purpose of defeating the mortgagee's claim without consideration, when the releasor was insolvent.

The commencement of an action to foreclose the mortgage, making the grantee a party and asking judgment against him for a deficiency is

sufficient evidence of the adoption of the covenant by the holders of the mortgage.

The provision of the Code of Civil Procedure (§ 1628) providing that while an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action may be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought, does not apply to a case where the action for the foreclosure was brought in a foreign jurisdiction.

D. and her husband, in December, 1868, executed a mortgage on premises in New Jersey as security for the payment of $4,000, one year from the date thereof. Thereafter she conveyed the premises to G., the deed containing a covenant by which the grantee assumed and agreed to pay the mortgage. In December, 1870, G. and wife conveyed to A., the deed containing the same covenant. A. conveyed to R., with a similar covenant. A. and her husband removed to this state, and she died in 1875, leaving a will, appointing her husband executor. In 1879, plaintiff, the owner of the mortgage, filed a bill in equity in New Jersey to foreclose the same. The plaintiff having no knowledge of A.'s death, made her and her husband defendants. The bill set forth the assumption clause in the deed to A. and asked judgment against her for any deficiency. Service of process on defendants not residing in New Jersey was made by publication and mailing. A decree of foreclosure and for payment of any deficiency as asked was rendered, and upon sale thereunder there was a deficiency. In September, 1888, a few days before the commencement of this action upon the covenant in A.'s deed, her executor procured from G., who was then insolvent, for a nominal consideration, a release from the covenant. *Held*, that the foreclosure proceedings were competent evidence to show that plaintiff adopted and relied upon the covenant of assumption, and that the release executed after such adoption furnished no defense, either under the laws of this state or of New Jersey; also, that an averment in the complaint that leave to bring her action had been obtained was not essential.

Also *held*, the objection that by the laws of New Jersey such a covenant may be enforced only in an equitable action, was untenable; as it related only to a matter of procedure, and so, the case was governed by the laws of this state.

Also *held*, the objection that by the laws of New Jersey the release could be assailed only by alleging fraud, and thus tendering an issue upon question of fraudulent execution, was untenable, as this also was a question of procedure regulated by the practice in this state, and defendant having set up the release as a defense, not as a counter-claim, a reply thereto was not necessary, unless ordered upon application of defendant as prescribed by the Code of Civil Procedure (§ 516).

The assumption clause in A.'s deed described the mortgage as executed by G. and wife, instead of by D. and wife. The mortgage in other partic-

ulars was accurately described. *Held,* that parol evidence was admissible to apply the covenant to the subject-matter, as indicated by the surrounding circumstances; and it appearing that there was no other mortgage and that this was the one intended, that the defect was not available; also, that a reformation of the covenant was not needful.

It was claimed upon the appeal that the question of the validity of the covenant of A. was to be determined by the laws of New Jersey, and it was not made to appear on the trial that by the law of that state a married woman was liable on her covenant; and so, it was to be presumed the rule of the common law governed. *Held,* untenable; as the point was not raised on the trial, when, if it had been raised, the fact might have been shown that the statute law of that state was similar to that of this state in respect to the liability of married women.

Also *held,* that while the New Jersey judgment for deficiency did not bind the defendant, yet as under it the land mortgaged had been sold and applied in payment of the mortgage debt, in the absence of evidence of fraud or collusion, plaintiff was entitled to recover the amount remaining unpaid on the mortgage.

Also *held,* that the Statute of Limitations of this state governed, and was not a bar to the action.

*It seems* that the action would not have been barred by the New Jersey Statute of Limitations, had it controlled.

(Argued February 6, 1891; decided February 24, 1891.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 27, 1890, which overruled plaintiff's exceptions and directed a judgment in favor of defendant upon a verdict directed by the court, said exceptions having been ordered to be heard in the first instance by the General Term.

December 3, 1868, Phoebe T. Drew and John G. Drew, her husband, of Elizabeth, New Jersey, executed their bond conditioned for the payment to plaintiff of $4,000, one year from the date thereof, and as collateral security therefor, at the same time, executed to the plaintiff a mortgage on certain premises in Elizabeth, New Jersey. On the 15th day of December, 1869, Mrs. Drew and her husband conveyed the mortgaged premises to John Gregg by a deed, wherein the grantee covenanted and agreed to pay the mortgage above

mentioned.   On the 28th day of December, 1870, Gregg and his wife conveyed the mortgaged premises to Helen E. Aitkin by a deed which contained an assumption clause in the follow-ing words : " And this conveyance is made subject neverthe-less to the lien of a certain mortgage made and executed by the said party of the first part to the New York Life Insur-ance Company, bearing date the 3d day of December, 1868, to secure the sum of four thousand (4,000) dollars, lawful money of the United States, with interest thereon, which mort-gage, forming a part of the consideration money hereinbefore expressed and having been deducted therefrom, the said party of the second part hereby assumes and undertakes to pay and indemnify and to save said party of the first part harmless therefrom."

Mrs. Aitkin entered into possession of the premises so con-veyed and remained in possession as owner thereof until May, 1873, when she conveyed them to Aaron H. Rathbone by deed in which he assumed payment of the mortgage.   Mrs. Aitkin and her husband moved to the city of New York in 1873 or 1874, and she died there in 1875.   She left a will in which her husband, the defendant, was named executor, and the will was admitted to probate in the city of New York and letters testamentary thereon were issued to the defendant.   In September, 1879, the plaintiff filed a bill in the Court of Chancery in New Jersey to foreclose the mortgage and named as parties defendant in that suit Phoebe T. Drew, John G. Drew, John Gregg, Helen E. Aitkin, James Aitkin, Aaron H. Rathbone and Mrs. Aaron H. Rathbone.   The bill alleged the making of the bond and mortgage by Drew and the convey-ance of the mortgaged premises to Gregg and his assumption of the mortgage ; the conveyance by Gregg to Helen E. Ait-kin and her assumption of the mortgage ; the conveyance by Helen E. Aitkin to Aaron H. Rathbone and his assumption of the mortgage.   It alleged default in payment of the mortgage and prayed for the foreclosure of it and for payment of any deficiency arising on the sale by Phoebe T. Drew, John G. Drew, John Gregg, Helen E. Aitkin and Aaron H. Rathbone.

Phoebe T. Drew, John G. Drew and John Gregg were personally served with process within the state of New Jersey, and the other defendants, who resided in the state of New York, by publication and mailing. The bill was taken as confessed on February 20, 1880; on March 5, 1880, there was a decree of foreclosure and sale and a decree for the payment of the deficiency by the defendants against whom it was asked. The mortgaged premises were sold on March 26, 1880, and resulted in a deficiency of $1,590.80. On September 28, 1888, a few days before the commencement of this action, the defendant procured from John Gregg a release from the covenant of assumption contained in the deed to Helen E. Aitkin in the following language:

"For and in consideration of one dollar lawful money of the United States of America to me in hand paid by James Aitkin, as executor of the last will and testament of Helen E. Aitkin, deceased, I hereby release and discharge the said James Aitkin, as executor as aforesaid, of and from any liability to me for, because or by reason of the assumption by the said Helen E. Aitkin and her undertaking to pay a certain mortgage of four thousand dollars to the New York Life Insurance Company, dated December 3, 1868, with interest, contained in a certain deed bearing date the 28th day of December, A. D., 1870, made by me and my wife Phoebe (now deceased) to said Helen E. Aitkin and recorded in the office of the clerk of Union county in Book 42 of Deeds on page 452, etc., in the state of New Jersey.

"Witness my hand and seal, dated September 28, 1888.

"JOHN GREGG. [L. S.]"

This action was commenced on the covenant of assumption contained in the deed from Gregg to Mrs. Aitkin, on the 11th day of October, 1888, to recover the balance due upon the bond and mortgage. The material facts above set out were alleged in the complaint, and the amount claimed was $1,590.80, with interest from March 5, 1880, which was alleged to be the deficiency upon the New Jersey foreclosure of the mortgage.

The defendant in his answer put in issue all the material allegations of the complaint, and alleged several defenses as follows: (1) That at the time of the deed to her, Mrs. Aitkin, she was a married woman, and that she was not, by the laws of New Jersey, personally bound by her covenant of assumption. (2) That he had no notice of the New Jersey foreclosure suit, and that neither he nor his wife was made a party thereto. (3) That he was discharged from any liability by reason of the release executed to him by John Gregg. (4) That no leave of the court was obtained by the plaintiff to bring the action before the commencement thereof. (5) That the action was barred by the New Jersey Statute of Limitations.

The action was brought to trial, and the facts above stated and other facts were proved. At the close of the evidence on both sides, the plaintiff moved for the direction of a verdict in its favor for the amount claimed, with interest; the defendant moved for the direction of a verdict in his favor. The trial judge denied the plaintiff's and granted the defendant's motion, and directed the plaintiff's exceptions to be heard at the General Term in the first instance, and that the entry of judgment be in the meantime suspended.

*Henry G. Atwater* for appellant. The misdescription of the mortgage assumed by Helen E. Aitkin was cured by the parol evidence. (Greenl. on Ev. §§ 297, 301; Taylor on Ev. §§ 1218, 1221; Wigram on Ex. Ev. 144; *Miller* v. *Travers*, 8 Bing. 244; *Burr* v. *B. F. Ins. Co.*, 16 N. Y. 267; *Jackson* v. *Clark*, 7 Johns. 288; *Jackson* v. *Sill*, 11 id. 201; *Dodge* v. *Potter*, 18 Barb. 193, 201; 2 Pars. on Cont. 557; 2 Phillips on Ev. 761; *Loomis* v. *Jackson*, 19 Johns. 449; *Sharp* v. *Dimmock*, 4 Lans. 496; *Reg.* v. *Wilcocks*, L. R. [7 Q. B.] 317; Endlich on Inter. Stat. § 302; *Bittleson* v. *Cooper*, 4 M. & G. 399; *Kennedy* v. *N. U. Bank*, 23 Hun, 479.) Taking the assumption clause as a whole, and without rejecting any part of it, still it may be construed so as to apply to plaintiff's mortgage. (*Coyne* v. *Weaver*, 84 N. Y. 390.) The release of the defendant by Gregg does not bar the action. (*Gifford* v. *Cor-*

*rigan*, 117 N. Y. 257; *Wilson* v. *Kane*, 23 N. J. Eq. 150; *Jewell* v. *Wright*, 30 N. Y. 259; *Dickinson* v. *Edwards*, 77 id. 573; *Trustees, etc.*, v. *Anderson*, 30 N. J. Eq. 366.) The action is not barred by the Statute of Limitations. (*Coddington* v. *Bispham*, 9 Stewart, 574; *Morris* v. *Carter*, 1 Vroom. 260; *Miller* v. *Brenham*, 68 N. Y. 87.) Helen E. Aitkin was liable on her assumption of the mortgage, although she was a married woman. (*Cashman* v. *Henry*, 75 N. Y. 103.) The permission of the court to bring the action was not necessary. (*M. L. Ins. Co.* v. *Smith*, 22 J. & S. 400.)

*Edward W. Scudder Johnston* for respondent. The exception taken by defendant to the denial of the defendant's motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, in that it is an action to recover a deficiency after the foreclosure of a mortgage, and there is no allegation of leave of court having been obtained as required by section 1628 of the Code of Civil Procedure, was well taken. (*U. S. Ins. Co.* v. *Gage*, 3 N. Y. Supp. 398; 17 N. Y. S. R. 762; *Hauselt* v. *Fine*, 18 Abb. [N. C.] 144; *U. S. L. Ins. Co.* v. *Poillon*, 25 N. Y. S. R. 534; *Niles* v. *Perry*, 29 How. Pr. 192; *M. L. Ins. Co.* v. *Smith*, 19 Abb. [N. C.] 69; *G. D. R. Co.* v. *Fusselle*, 57 How. Pr. 255; *E. L. Ins. Co.* v. *Stephens*, 63 N. Y. 346.) The suit of the plaintiff herein stands or falls by the terms of the covenant in the assumption or *habendum* clause in the deed from Gregg to defendant's testatrix. Until an instrument is reformed its terms must govern the liabilities of the parties thereto, and the complaint does not ask for reformation. (*Gale* v. *Gale*, 15 N. Y. S. R. 644; *Green* v. *Fry*, 93 N. Y. 353; *Sisson* v. *Donnely*, 7 Vroom. 439; *Fairchild* v. *Lynch*, 10 J. & S. 265; *Hall* v. *Emmons*, 9 Abb. Pr. 370; *Bryce* v. *L. F. Ins. Co.*, 55 N. Y. 240; *Kilpatrick* v. *Kilpatrick*, 23 Miss. 124; *Hogan* v. *Smith*, 16 Ala. 600; *Durham* v. *Bischoff*, 47 Ind. 211.) No proof was offered by the plaintiff of any statutory law in New Jersey fixing the liability of married women under covenants such as the one at bar. (*Cooke* v. *Brook*, 21 Barb. 546;

*Cobine* v. *St. John*, 12 How. Pr. 333; *Kidd* v. *Conway*, 65 Barb. 158; *Morris* v. *Lindsey*, 16 Vt. 435; *Sullivan* v. *Babcock*, 63 How. Pr. 120; *Dix* v. *Hozier*, 6 N. Y. S. R. 745; *Abell* v. *Douglass*, 4 Den. 305; *Starr* v. *Peck*, 1 Hill, 270; *Throop* v. *Hatch*, 3 Abb. Pr. 23; *Pomeroy* v. *Ainsworth*, 22 Barb. 118; *White* v. *Knapp*, 47 id. 549; *Whitford* v. *P. R. R. Co.*, 23 N. Y. 465; *Cutler* v. *Wright*, 22 id. 432; *Leonard* v. *C. S. N. Co.*, 84 id. 48.) The courts of this state will not take judicial notice of the laws of another state, which must be proved on the trial as any other facts. (*Savage* v. *O'Neill*, 42 Barb. 374; *Waldron* v. *Ritchings*, 3 Daly, 288; 1 Pars. on Cont. [7th ed.] 384; *Conrad* v. *Fisher*, 37 Mo. App. 352; *Culver* v. *Badger*, 29 N. J. Eq. 74; *Armstrong* v. *Ross*, 5 C. E. Greene, 109.) The exceptions taken by defendant to the admission in evidence of the record of the New Jersey Court of Chancery in a proceeding to foreclose the mortgage of Drew to the plaintiff were well taken. (*Dodge* v. *Alger*, 21 J. & S. 107; *Loring* v. *Folger*, 7 Gray, 505; *Regna* v. *Holmes*, 16 N. Y. 193; 26 id. 338; *Pennoyer* v. *Alderson*, 119 U. S. 185, 186; *Schwinger* v. *Hickok*, 53 N. Y. 280; *Gilman* v. *Healey*, 46 Hun, 310; *Cross* v. *Cross*, 108 N. Y. 628; *G. F. Ins. Co.* v. *Francis*, 7 N. Y. S. R. 310; 43 Hun, 64; *Shepard* v. *Wright*, 113 N. Y. 582, 586; *Morris* v. *Patchin*, 24 id. 394; *Lowell* v. *North*, 4 Minn. 32; *Wilbur* v. *Warren*, 104 N. Y. 192; *Slauson* v. *Watkins*, 86 id. 597; *Wilson* v. *King*, 23 N. J. Eq. 68; *Jarman* v. *Wiswall*, 24 id. 68.) As the law of New Jersey governs this case, this action was commenced too late, in that it was not commenced within the six months from the date of the sale of the mortgaged premises as required by the New Jersey statutes. (*N. S. Inst.* v. *Forman*, 6 Stew. 437; *Allen* v. *Allen*, 7 id. 495; *Chancellor* v. *Traphagen*, 14 id. 369; *Leonard* v. *C. S. N. Co.*, 84 N. Y. 48; *Hunt* v. *Hunt*, 72 id. 217; *Kerr* v. *Kerr*, 41 id. 272; *Jessup* v. *Carnegie*, 84 id. 411; Code Civ. Pro. § 390.) The law of New Jersey holds that there is no privity of contract of any kind whatsoever between the mortgagee and the party assuming the payment of the mortgage. (*Crowell* v. *Currier*, 27 N. J. Eq. 152, 650; *Youngs* v.

*Trustees, etc.,* 31 id. 290 ; *Trustees* v. *Anderson,* 30 id. 366 ; *Moore* v. *Clark,* 13 Stew. 152; *Lawrence* v. *Finch,* 2 C. E. Gr. 234; *Tillotson* v. *Boyd,* 4 Sandf. 516; Code Civ. Pro. § 390.) The release of Gregg to defendant discharges said defendant as executor, etc., from any liability under any covenant given by the testatrix of defendant to the said Gregg. (*Crowell* v. *Currier,* 27 N. J. Eq. 152, 650; *Youngs* v. *Trustees, etc.,* 31 id. 290 ; *Trustees* v. *Anderson,* 30 id. 366 ; *Truesdall* v. *Price,* 29 id. 624.) Plaintiff requested a direction of a verdict in its favor and excepted to the court's denial thereof, as well as to the granting by the court of defendant's motion for a verdict, but said plaintiff did not request to go to the jury upon any question of fact, nor did the plaintiff reply to the plea of the release from Gregg to defendant contained in the defendant's answer, and hence no issue was raised as to the validity of this release for the court to determine, and the defendant's exceptions to the admission of evidence tending to attack this release were well taken. (*Youngs* v. *Trustees, etc.,* 4 Stew. 302 ; *Ormes* v. *Dauchey,* 82 N. Y. 443 ; *Leggett* v. *Hyde,* 58 id. 275 ; *Dillon* v. *Cockcroft,* 90 id. 649 ; *Traphagen* v. *Levy,* 45 N. J. Eq. 448; *Provost* v. *McEncroe,* 102 N. Y. 650 ; *Henry* v. *Kerr,* 21 How. Pr. 409 ; 2 Keyes, 582; *Vreeland* v. *Torrey,* 7 Stew. 312 ; *Naar* v. *U. & E. L. Co.,* Id. 111.) The New Jersey courts have never permitted a suit directly on the covenant by the mortgagee against the party assuming the payment of the mortgage debt, two persons between whom the New Jersey law says there is absolutely no privity of contract, to be maintained. (*Crowell* v. *Currier,* 27 N. J. Eq. 652 ; *Joslin* v. *N. J. C. S. Co.,* 36 id. 141; *Klapworth* v. *Dresler,* 13 id. 66 ; *Smith* v. *Emery,* 12 N. J. L. 53.) The circumstances of this case are such as to make the release a bar to the plaintiff's recovery. (*K. L. Ins. Co.* v. *Nelson,* 78 N. Y. 137; *Comby* v. *Dazien,* 114 id. 167; *Kelly* v. *Roberts,* 40 id. 432 ; *Gifford* v. *Corrigan,* 117 id. 257.) The complaint is not framed, nor was a reply served to raise an issue as to the validity of this release, and a court of law has no jurisdiction to set aside a release which is good at law.

(*Phillips* v. *Claggett*, 11 M. & W. 84 ; 2 D. N. S. 1004 ; 12 L. J. Exch. 275 ; *Swarthout* v. *Merchant*, 47 Hun, 106 ; *S. N. Bank* v. *Haulenbeck*, 16 N. Y. S. R. 786 ; *Provost* v. *McEncroe*, 102 N. Y. 650 ; *Dillon* v. *Cockcroft*, 90 id. 649 ; *Kirtz* v. *Peck*, 113 id. 222 ; *Hicks* v. *Campbell*, 4 C. E. Gr. 183 ; *Hall* v. *Nelson*, 14 How. Pr. 32 ; *Inman* v. *Corwin*, 30 N. Y. S. R. 618.) Plaintiff exhausted all the remedy it had against defendant or his testatrix in the suit in the New Jersey Court of Chancery, and the mortgage debt is merged in that judgment or decree. (*Tuska* v. *O'Brien*, 68 N. Y. 446 ; *Smith* v. *Smith*, 79 id. 634 ; *Warren* v. *Bachelder*, 16 N. H. 580 ; *Jordan* v. *Van Epps*, 85 N. Y. 427 ; *M. L. Ins. Co.* v. *Hoyt*, 15 Wkly. Dig. 489 ; *Hencken* v. *James*, 16 id. 33.)

Earl, J. The record discloses that the plaintiff was defeated at the Circuit, and the verdict there ordered in favor of the defendant upon the sole ground that he was, by the release executed to him by Gregg, absolutely discharged from the covenant of assumption made by his wife, the testatrix ; and the effect of the release is, therefore, the first matter now to be considered.

· If the question is to be governed by the law of this state, it is entirely clear that the release did not discharge the defendant. The covenant of assumption had, long before the release, come to the notice of the plaintiff, and it had adopted and acted thereon. Having no notice of the death of Mrs. Aitkin, it commenced the action for the foreclosure of the mortgage in the state of New Jersey, and inserted her name in the process and complaint as a party, and prosecuted the action to judgment upon the assumption that she had been made a proper party thereto. In the complaint in that action the covenant of assumption was alleged, and a deficiency judgment was prayed against Mrs. Aitkin and others. Whatever may be the effect of those foreclosure proceedings, they were at least competent to show that the plaintiff adopted and relied upon the covenant of assumption made by Mrs. Aitkin. After that covenant had thus come to the

attention of the plaintiff, and had been adopted by it, Gregg, the covenantee, could not release her or her estate from the obligation of the covenant, and so the law must be deemed to be finally settled in this state. (*Gifford* v. *Corrigan*, 105 N. Y. 223; *S. C.*, 117 id. 257; *Watkins* v. *Reynolds*, 123 N. Y. 211.) Therefore, if the law of this state governs, the release was not operative to bar this action.

But we reach the same conclusion if, as contended by the defendant, the effect of the release is to be determined by the law of New Jersey. There the courts hold that a covenant by a grantee of mortgaged premises, contained in the deed to him, to assume and pay the mortgage debt, is a contract with his grantor only for the indemnity of the latter, and may be released and discharged by him; and generally that where parties have made a contract which will, either directly or indirectly, benefit a mere stranger, they may at their pleasure abandon it and mutually release each other from its performance, regardless of the stranger's interest, unless the parties, with knowledge that he is relying on the contract, suffer him to put himself in a position from which he cannot retreat without loss in case the contract be not performed, and that then he may ask to have the contract performed so far as it touches his interest. They hold that the mortgagee in such a case may enforce the covenant of assumption in equity, on the principles of equitable subrogation, thus appropriating a security which the mortgagor has obtained from his grantee for the benefit of the mortgage; and the rule there seems to be that the covenant can only be enforced in equity. But the courts there have held further that a release of a grantee's assumption of a mortgage debt, given by an insolvent grantor, without consideration, and for the sole and admitted purpose of defeating the mortgagee's claim in equity for a deficiency, is void in equity; that the release to be operative must be given in good faith and for a valuable consideration, and not for the sole purpose of defeating the claim of the mortgagee. The following authorities were proved upon the trial and are ample to sustain the views just expressed. (*Cromwell* v. *Currier*, 27

N. J. Eq. 152; *Trustees* v. *Anderson*, 30 id. 366; *Youngs* v. *Trustees*, 31 id. 290; *O'Neill* v. *Clark*, 33 id. 444.) In the case of *Trustees* v. *Anderson*, the chancellor says: "In the present case recourse was had to the expedient of the releases as a means of protecting Youngs against his liability to the complainants, who, though they had not in fact commenced suit were, as the parties to the releases well knew, about to do so, and they had made preparations accordingly. No consideration passed, nor was any to be given. Nor were the releases founded on any equity or equitable consideration. The mortgagor was insolvent and had no longer any interest in the indemnity which Youngs had given him against his liability on the complainant's mortgage. Had he been solvent the release would, of course, not have been executed. The hollow, unsubstantial formality of the execution and delivery of the release creates no barrier to the equitable relief to which the complainants are entitled. A release executed *mala fide* for the mere purpose of defeating the action of equity or of eluding its reach, will be of no avail." Here Gregg, at the time of the release, was insolvent, and it is very certain that if he had not been, he would not have executed it. No consideration whatever was paid for the release. It was obtained a few days before the commencement of this action. Gregg testified that at the time the defendant obtained the release he said that "it was because of something that had been obtained in the foreclosure of the mortgage on the premises — a deficiency or something like that, and he gave me nothing, but said he would remunerate me;" and that was about all that was said between them. That a release obtained under such circumstances would in New Jersey be held unavailing in equity cannot be doubted. There was no dispute about the facts. They appear in the evidence of Gregg, which is undisputed and in harmony with the terms of the release which appears on its face to be in consideration of one dollar.

But the defendant makes the further claim that according to New Jersey law his liability upon this assumption clause

could, in any event, be enforced only in an equitable action, and possibly in an action to foreclose a mortgage to which he had in some way been made a proper party. But this is matter of mere form, not of substance, and relates to procedure; and the procedure in an action in this state must be governed by the laws of this state; and by our law an action at law may be maintained upon such a covenant.

It is further said that in New Jersey the plaintiff could only assail the release by alleging the fraud, and thus tendering an issue upon the question of its fraudulent execution. This is again matter of procedure to be regulated by the practice in this state. No notice is taken of the release in the complaint, and at the time of the service thereof it is probably true that the plaintiff had no knowledge of the release. It is set up in the answer, but not as a counter-claim. It was, therefore, not necessary for the plaintiff to reply to the answer, and it was entitled to meet the answer by any competent evidence to defeat or avoid its allegations. If the defendant had desired a distinct issue upon the release, he could have procured one under section 516 of the Code of Civil Procedure by a motion to the court for a direction to the plaintiff to reply to the new matter. A still further answer to this objection, although not so fundamental, is that no question, as to the pleadings in reference to this matter, was raised at the trial.

We are, therefore, of opinion that the courts below erred in holding, upon the facts proved in this case, that the release furnished a defense to the action.

There are certain other fundamental objections made to the plaintiff's right to recover which were overruled by the trial judge, and as the defendant's objections and exceptions are not before us, we could pass over them without consideration. But as they are fundamental, with a view to a new trial, it is quite proper that we should say something about them.

It is objected that the complaint was defective and alleged no cause of action, because it contained no allegation that leave was obtained from the court to bring the action, as required by section 1628 of the Code of Civil Procedure. As this

action was brought to recover a balance remaining due upon a mortgage after foreclosure, if the foreclosure had been conducted in this state, it would have been necessary for the plaintiff to comply with the section referred to, which is as follows : " While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." This section plainly has reference solely to a foreclosure action conducted in this state, and the leave must be obtained from a court in this state, and so it was correctly held in *Mutual Life Ins. Co.* v. *Smith* (22 Jones & Spencer, 400).

There is a mistake in the assumption clause in describing the mortgage as one executed by Gregg and wife, whereas it was executed by Drew and wife, and the claim is made that the plaintiff must fail in this action, because Mrs. Aitkin did not covenant to pay this mortgage, and that parol evidence was inadmissible to show that this mortgage was intended. A portion of the description of the mortgage assumed is clearly erroneous. It was not executed by Gregg and wife. It was, however, assumed by them. But the date — the 3d day of December, 1868 — is accurate, and the sum secured by the mortgage — $4,000 — is correctly given. This is, therefore, a case where parol evidence may be given to apply the covenant to the subject-matter. There was no other mortgage of that date or amount. Indeed, this was the only mortgage upon the premises. The court could take proof of the surrounding circumstances for the purpose of applying the covenant to the mortgage actually intended, and a reformation of the contract was not needful. For these views the authorities are quite abundant. (Greenleaf's Evidence, §§ 297, 301; Taylor's Evidence, §§ 1218, 1221; Wigram on Extrinsic Evidence, 144; *Jackson* v. *Clark*, 7 Johns. 216; *Jackson* v. *Sill*, 11 id. 201; *Loomis* v. *Jackson*, 19 id. 449; *Dodge* v. *Potter*, 18 Barb. 201; *Burr* v. *Ins. Co.*, 16 N. Y. 267.)

It is further said that Mrs. Aitkin was a married woman; that her contract of assumption, made in New Jersey, must be governed as to its validity by New Jersey law, and that it was not made to appear upon the trial that under the New Jersey law she incurred any personal validity by her covenant. But it is a sufficient answer to this claim that, while the defense was set up in the answer, it was in no way alluded to upon the trial, and it seems to have been assumed, at least by the court, that she had power to bind herself personally by such a covenant. Therefore, the point that we must assume that the common-law rule still prevails in New Jersey ought not to be sustained, particularly as the statute law of that state as respects married women is similar to that of this state. (*Huyler's Exrs.* v. *Atwood*, 26 N. J. Eq. 504; affirmed 28 id. 275.) This case and the New Jersey statute are also referred to in *Cashman* v. *Henry* (75 N. Y. 103). If this point had been made at the trial the plaintiff might have proved these decisions and the New Jersey statute, and would thus have answered the defense of coverture.

It is claimed that this action was barred by the Statute of Limitations. The mortgage fell due on the 3d of December, 1869. The covenant of assumption was made on the 28th of December, 1870, and this action was commenced on the 11th of October, 1888, within less than twenty years, even from the date of the mortgage, and hence the action was not barred in this state; and it is the Statute of Limitations of this state which is to govern such an action commenced here. (*Miller* v. *Brennam*, 68 N. Y. 87.) But it is equally clear if we look at the statutes of New Jersey that this action would not have been barred if it had been instituted there.

The New Jersey judgment for deficiency did not bind this defendant. Neither he nor his wife was a party thereto. She, although supposed to be living, was actually dead. Even if the plaintiff had been informed of her death, and had known that the defendant was her executor, there was no way to obtain a deficiency judgment against him, unless process could be served upon him in that state, or he voluntarily

appeared in the action there.    He remaining in this state, there
was no way without his consent to obtain a personal judgment
there binding upon him here.    (*Freeman* v. *Alderson*, 119
U. S. 185 , *Schwinger* v. *Hickok*, 53 N. Y. 280 ; *Cross* v.
*Cross*, 108 id. 628 ; *Shepard* v. *Wright*, 113 id. 582 ; *Booth*
v. *Conn. Mut. Life Ins. Co.*, 43 Mich. 301.)

At the time of her death Mrs. Aitkin stood as a mere surety
for the mortgage debt, the land as to her being primarily liable
for the payment thereof.    The defendant could require that
the land should be first sold and the proceeds applied upon the
mortgage debt before resort could be made to him or the estate
represented by him.    But the proceeds of the land have been
first applied.    The New Jersey foreclosure is in no way
assailed.    We must assume that it was conducted in accord-
ance with the laws of that state.    The sale was a public, judicial
sale, and we must assume that the land brought its value.    In
the absence of proof of fraud or collusion in conducting that
foreclosure, we see no reason to doubt that the plaintiff may
recover in this action the amount still remaining due upon the
mortgage.

There are minor exceptions taken by the defendant to the
rulings of the court against him upon the trial, but as they are
not vital and are not before us, we do not deem it important
to give them any attention.

The judgment should be reversed and a new trial granted,
costs to abide event.

All concur.

Judgment reversed.