KING et al. v. SULLIVAN et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

1. FORECLOSURE OF MORTGAGE—ASSUMPTION BY GRANTEE—DEFENSES.
   In an action to foreclose a mortgage, in which a deficiency judgment is sought against a subsequent grantee, upon the basis of an assumption clause in the deed conveying the property to him, an answer alleging that that clause was inserted by accident and mistake, and did not conform to the actual intention of the parties, and asking to have the deed reformed accordingly, sets up a good defense.

2. SAME.
   Where, in such an action, it appears that the deed conveying the premises to an intermediate grantee, from whom the defendant, against whom a deficiency judgment is sought derives title, contained no assumption clause, and the complaint alleges an agreement which would operate to obviate this obstacle to recovery, an answer raising issue upon the existence of the agreement, and its valid and enforceable character, sets up a good defense.

3. APPEALABLE ORDER.
   An order denying a defendant's motion, in an action to foreclose a mortgage in which a deficiency judgment has been obtained against him, to open his default, and for leave to answer, and to vacate the judgment as to him, affects a substantial right, and therefore is appealable, under Code Civ. Proc. § 1342.

Appeal from Kings county court.

Action by Frank T. King and Frederic S. Dennis, as trustees under the will of Katharine A. Rockwell, deceased, against Michael Sullivan,

impleaded with others.　From an order denying a motion to open his default, and for leave to interpose an answer, and to vacate and set aside a judgment for deficiency, defendant Sullivan appeals.　Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John O'Connell, for appellant.
Alden S. Crane, for respondents.

HATCH, J.　This action was brought upon a bond executed by John Layton, and for the foreclosure of a mortgage executed as collateral security for the payment of the bond.　The complaint in the action demanded no judgment for a deficiency except against the defendant Layton.　The summons and complaint were served upon the defendant Michael Sullivan, who had become the owner of the premises, subject to the lien of the mortgage.　When the summons and complaint in the action were served upon Sullivan, as he had no defense to the bond and mortgage he made default.　Subsequently the plaintiff served an amended complaint, in which judgment for deficiency was demanded against the defendant Sullivan and others. The complaint was otherwise amended by averring an agreement upon the part of a defendant Bruno P. H. Ahlers to pay the principal and interest secured by the mortgage, and to keep each and every of the covenants contained therein.　In this respect the amendment to the complaint was rendered necessary in order to charge Sullivan for deficiency, upon the assumption contained in the deed to him, for the reason that there were intermediate grantees of the premises from Layton who had not assumed the payment of the mortgage; and within the case of Vrooman v. Turner, 69 N. Y. 280, and other cases, such agreement was necessary to be established in order to make the covenant of the defendant Sullivan in his deed inure to the benefit of the plaintiff in the action.　The amended complaint was also served upon Sullivan, but he supposed it to be a copy of the complaint already served, made no examination of the same, and did not know that it contained a demand that he be adjudged to pay any deficiency which might occur upon a sale of the premises, or that it was in other respects changed.　The action proceeded to a judgment of foreclosure and sale, and the premises were sold under the direction of the sheriff, resulting in a deficiency of $2,060.35, for which judgment was entered against the defendant Sullivan and others.　After the entry of this judgment Sullivan made a motion, upon affidavits and a proposed answer, for leave to have said default opened and the judgment for the deficiency as to him vacated and set aside. The grantor of these premises to Sullivan was one Augustus C. Parke, a defendant in the action.　The moving papers, as well as the answer proposed to be served to the amended complaint, set up and averred that the agreement for conveyance of the premises from Parke to Sullivan only provided that Sullivan should take a deed of the premises incumbered by the mortgage, and that there was no agreement between Parke and Sullivan by which the latter assumed the payment of the mortgage.　The deed from Parke to Sullivan contains a clause

by which the grantee assumes and agrees to pay the mortgage. The proposed answer avers that no such agreement was in fact made between the parties, and that the insertion in the deed of such clause was made without the knowledge or consent of the defendant Sullivan, was not in conformity with the agreement in writing between himself and Parke, and was by accident or mistake directly against and contrary to the provisions and terms of the said agreement. The proposed answer further avers, for a second separate and distinct defense, the conveyance of the premises from Layton to Amy E. Pine and others, and that the said grantees therein did not assume or become personally liable for the payment of said mortgage or any part thereof; and for a third proposed defense the defendant Sullivan denies, upon information and belief, the existence of the agreement with Ahlers as set out in the complaint, and further avers that, if any such agreement was made, it was without consideration. Judgment is demanded that the amended complaint be dismissed as to Sullivan; that the deed of the premises from Parke to him be corrected by striking out the assumption clause for the payment of the mortgage; and that the same be adjudged to have been so inserted by accident or mistake. There is no denial of any of the statements made in the affidavit of the defendant Sullivan, or of the matters and things set up in the proposed answer.

The motion coming on to be heard before the county court, the same was denied. The denial proceeded upon the ground that the proposed answer did not set forth any defense. In this respect we think the learned court was in error. The answer avers, in terms, that the insertion of the assumption clause in the deed was by accident or mistake, and that the same did not conform to the actual intention of the parties. A mutual mistake of the parties would seem to be the effect of these averments, and they are in substantial accordance with the usual and established form. 3 Daniell, Ch. Prac. (6th Ed.) p. 1973. It has long been settled that contracts entered into by mistake of parties, upon proof of such fact, will, whenever necessary, be corrected, and the equitable powers of the court may be invoked for that purpose. Savings Inst. v. Burdick, 87 N. Y. 40; Kirchner v. Sewing Machine Co., 135 N. Y. 182, 31 N. E. 1104. It would seem clear, therefore, that if the defendant Sullivan can establish the facts alleged in his answer in this respect, he is entitled to have a reformation of the deed; and, with this reformed, there is no basis upon which a judgment for deficiency can be awarded against him. Where the averments of the answer show a case entitling the party to relief, and there is no imputation upon the good faith of the application, the court will not consider or pass upon the weight of the proof presented at the time when the relief is asked, but will postpone such consideration for determination at the trial.

We also think that the answer in other respects, if established, constitutes a good defense in his favor against the deficiency judgment. As we have already observed, if there was an interregnum between the conveyance of the premises from the mortgagor to intermediate grantees of an assumption clause in the deed of a promise to pay the mortgage, then it would follow, within the authorities that we have

already cited, that even though there was assumption of payment of the mortgage upon the part of the defendant Sullivan, yet such agreement would not inure to the benefit of the mortgagee.   The averment in the answer is that such interregnum existed; but, when this was sought to be supplied by the averment of the complaint setting up the agreement with Ahlers, the answer raises issue upon the existence of such agreement, and of its valid and enforceable character if it existed.   If the averments of this part of the answer are established at the trial, it will constitute a good defense in Sullivan's favor.

It is quite apparent, therefore, that the answer in both aspects contains a defense to the judgment from which the defendant Sullivan seeks to be relieved.   There is no question of laches in making his motion.   Such does not appear to have been urged below, nor is it called to our attention here; and, as the court ruled as matter of law that the answer was insufficient as constituting a defense, we think it was clear error, for which the order should be reversed.

It is further claimed that such order is not appealable to this court. That the decision of the court affected a substantial right is not a debatable question.   It therefore comes within the provisions of section 1342 of the Code of Civil Procedure.   It is urged that the order was discretionary, and that this court is without power to review the discretion of the county court.   This view is not correct, as applied to orders affecting a substantial right, even though they in part involve the exercise of discretion.   Clark v. Eldred, 54 Hun, 5, 7 N. Y. Supp. 95; Cramer v. Lovejoy, 41 Hun, 581.

It follows that the order should be reversed, with $10 costs and disbursements; and the motion granted to the extent of permitting the default to be opened and the service of the proposed answer, the judgment as entered in the meanwhile to stand as security.   All concur.