## SMITH v. OLIVER.

(Supreme Court, Appellate Term. December 22, 1909.)

1. JUDGMENT (§ 943*)—ACTION ON FOREIGN JUDGMENT—EVIDENCE—SERVICE OF PROCESS.

In an action on a foreign judgment, where a certified copy of the record, in evidence, contained no recital or proof that process had been served on defendant, or that he appeared, but did show that when the judgment was rendered he was not a resident of that state, and that he did not appear, it was error not to allow him to prove that he was never served with papers in that action.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 943.*]

2. JUDGMENT (§ 818*) — ACTION ON FOREIGN JUDGMENT — ATTACHMENT—PERSONAL JUDGMENT.

In an action on a foreign judgment, where it appeared that certain property was attached and sold as belonging to defendant, but it did not appear that he was served with process, the judgment bound only the property attached, and formed no basis for a personal judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 818.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Elmer H. Smith against Albert Oliver. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Henry C. Hunter, for appellant.

Cohen Bros. (Harold H. Cohen, of counsel), for respondent.

GIEGERICH, J. The action is to recover the balance upon a judgment alleged to have been obtained by the plaintiff against the defendant in an action in the Second district court of the city of Newark, state of New Jersey.

The plaintiff introduced in evidence a certified copy of the record in the New Jersey action. This record contained no recital nor proof that process of any sort in that action was ever served upon the defendant, or that he appeared in such action. It was therefore error

---

for the trial justice to refuse to allow the defendant to prove that he was never served with any papers in that action. The New Jersey record shows that the defendant was not at the time of the rendition of the judgment a resident of the state of New Jersey, and that he did not appear in the action. The only way, then, that the plaintiff could have obtained a personal judgment there, which would have been binding upon the defendant in this state, was by personal service of the process within the state of New Jersey. N. Y. L. Ins. Co. v. Aitkin, 125 N. Y. 660, at pages 674, 675, 26 N. E. 732, and cases there cited.

In this New Jersey action certain property was seized by writ of attachment and sold as belonging to the defendant; but, since it does not appear that he was served with process, the judgment is effectual to bind only such property of the defendant as was found within the jurisdiction. It can form no basis for a personal judgment. Ward v. Boyce, 152 N. Y. 191, 195, 46 N. E. 180, 36 L. R. A. 549.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.