alleged to have been made against the plaintiff, but in so doing both were under the obligation of proceeding, not recklessly or maliciously, but with reasonable and prudent care, and when they sought to enforce the tenets and principles of their society their acts and proceedings should have the stamp of legality upon them at all times. As I view the situation the defendant society is not a governmental agency in the sense claimed by it, and, therefore, it is not entitled to the benefit of the special privilege claimed in the second separate defense set forth in the amended answer. The society in my opinion is not above nor without the pale of the law, and if it acts wantonly, maliciously and without reasonable and probable cause in making defamatory charges against an innocent person, it should be held to the same degree of legal responsibility as any other person or persons so doing. The demurrer is sustained.

———

Laura J. Abbott, Appellant, v. Annie M. Wilson and Others, Respondents.— Motion denied on condition that plaintiff perfect his [sic] appeal, place the case on the September calendar and be ready for argument when reached. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.

John Adikes and Another, Appellants, v. Long Island Railroad Company, Respondent.— Motion granted. The court intended to leave the question of disbursements to abide the award of costs in the equity action. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.

Alexander Dezendorf, an Infant, etc., Respondent, v. John F. Poppke, etc., Appellant.— Motion to resettle order of this court so as to make said order not only reverse the order of the County Court, but also grant defendant's motion for a bill of particulars, granted on authority of King v. Sullivan (31 App. Div. 549). Present — Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ.

Alexander Dezendorf, an Infant, etc., Respondent, v. John F. Poppke, etc., Appellant.— Motion to resettle order of this court by striking therefrom the provision awarding costs and disbursements denied, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ.

Jeremiah Galvin, Plaintiff, v. The New York Central and Hudson River Railroad Company and Another, Defendants.— Motion denied. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.

In the Matter of the Application of Ethel A. Cox, as Administratrix, etc., of Agnes L. Frederick, Deceased, etc.— Motion to open default granted upon condition that within ten days after service of notice of entry of the order herein appellant either deposit the jewelry with the clerk of the Surrogate's Court of Kings county, or give an undertaking with two sureties, or at his election a surety company bond, in the sum of $2,500, and upon the further condition that appellant perfect his appeal, place the case on the September calendar and be ready for argument when reached; otherwise, motion denied, with ten dollars costs. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.

In the Matter of the Application of Edward T. Fenley for Admission to the Bar.— Application granted. Present — Jenks, P. J., Thomas, Carr, Stapleton and Mills, JJ.