RENZ et ux. v. ERNST et al.

(Supreme Court, Special Term, Monroe County. July 24, 1916.)

*(Syllabus by the Court.)*

REFORMATION OF INSTRUMENTS ⬦⟶16—GROUNDS.

 A grantee, whose deed by mistake or fraud assumes a mortgage, may obtain a reformation of the deed in an action brought to foreclose the mortgage and to hold him for a deficiency judgment, provided that the mortgagee has not acted upon the faith of the assumption clause, so that its rescission will work an injury to him, aside from the deprivation of the additional security afforded by the assumption clause.

 [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 68; Dec. Dig. ⬦⟶16.]

---

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by William Renz and wife against Frank J. Ernst and others to foreclose a mortgage on realty. Judgment against defendant Ernst vacated and set aside, and decree entered for him.

Peter Bachman and his wife were the owners of certain real estate upon which mortgages existed, one of which was foreclosed by an action between the plaintiffs and Peter Bachman and others. The action was carried to a sale of the premises, and a deficiency judgment therein was taken against the defendant Ernst in the sum of $2,905.57, in pursuance of an assumption clause in the conveyance to the defendant Ernst. Bachman and his wife had conveyed the premises to Anthony Bleile and wife, who subsequently made a contract for the sale of the premises to defendant Ernst. This contract of purchase did not contain a provision for the assumption of the mortgages, but merely recited that the conveyance was made subject to two mortgages. When the transaction under the contract of purchase was completed by an exchange of property, the assumption clause was inserted in the deed and was recorded, and thereafter plaintiffs, relying upon the clause in the deed, discontinued a foreclosure action which was then pending of the first mortgage against the property. Defendant Ernst went into possession of the property. Thereafter the premises were sold, defaults occurred in payments under the second mortgage, and a foreclosure was brought, which is the action now pending under which the judgment of deficiency was recovered against the defendant Ernst for the amount stated.

Thereafter a motion was made to open the default of defendant Ernst, on the ground that the assumption clause had been inserted in the deed to him through mutual mistake or fraud. The present issue is whether or not the defendant Ernst is bound by the assumption clause in his deed, claiming, as he does, that his contract of purchase contained no such agreement, that his attorney did not draw the deed, that it was drawn by the attorney for the grantor, that he did not know of the insertion of the clause, that he did not learn of its existence until the judgment of deficiency had been recovered against him, and that there was a mistake or fraud in the drawing of the deed to him. He now seeks to reform the deed, by striking out the clause under which he assumes and agrees to pay the mortgages, and for such other relief as may be necessary.

Kaelber, Platt & Nixon, of Rochester, for plaintiffs.
Warren, Shuster & Case, of Rochester, for defendant Ernst.

RODENBECK, J. It does not appear in this case that Ernst contracted to purchase the property and assume the outstanding mortgages, or that he assented to the insertion in the deed of the assumption clause. The contract which he made for the purchase of the property merely described the property as subject to two mortgages, and did not provide that he was to assume and pay them. In the absence of an agreement modifying this written contract or assent on his part, there was no authority for inserting the assumption clause in the deed. Halsey, who drew the deed, was not attorney for Ernst, but was acting for Bleile, and he therefore had no authority to insert an assumption clause without the knowledge or consent of Ernst. There were at least three meetings of the parties, at which were Ernst and his wife, Bleile and his wife, Halsey, who represented Bleile, Breed, who represented Ernst, and Cooper, who represented parties who were advancing money, and none of these parties contradict Ernst, who says that at no conference was the subject of the assumption clause referred to or discussed. Ernst says that he never discussed the assumption clause with his attorney, or with any one else; that it was inserted without his author-

ity; that the deed was not read to him; that he authorized Halsey to record it, and did not know that the deed bound him to assume the mortgages until after the judgment for deficiency had been entered against him, when he protested, and subsequently opened the default in this action. Halsey put the deed on record, and arranged with the attorneys for plaintiff for a discontinuance of the foreclosure action and the cancellation of the lis pendens; but in this capacity he says that he was not acting as attorney for Ernst, and in fact says he was not at any time acting as attorney for Ernst. He was the attorney for Bleile, the former owner of the property, who was most interested in the discontinuance of the foreclosure action and the cancellation of the lis pendens, being liable for any deficiency in that action.

The plaintiff Renz discontinued his foreclosure action in reliance upon the assumption clause in the deed, and with the understanding previously made with Halsey, the attorney for the owner of the property, Bleile, that the purchaser, Ernst, was to assume and pay the mortgages; but it does not appear that this understanding was agreeable to and was assented to by Ernst, who by his contract of purchase had made no such agreement. Whatever Bleile, the purchaser, and his attorney, Halsey, and Renz and his attorneys, may have agreed among themselves about the assumption clause was not binding upon Ernst, who alone could modify the contract for purchase which he had made, and agree to the insertion in the deed of the assumption clause. The discontinuance of the foreclosure action in reliance upon the assumption clause in the deed, inserted contrary to the contract of purchase and without the assent of Ernst, is not sufficient to bind him to the payment of the deficiency judgment. The summons and complaint were served on Ernst, and the complaint contained a statement that the property had been conveyed subject to the mortgages which Ernst had agreed to pay, and Ernst admitted that he had read the complaint, but this knowledge did not correct the erroneous insertion in the deed of the assumption clause, which a court of equity has power to eliminate to correspond to the actual agreement made between the parties.

While a grantor may not release by agreement a grantee from an assumption clause in a deed after foreclosure proceedings have been started, the grantee may nevertheless avoid such a clause where it was inserted by mutual mistake, contrary to the written agreement between the parties for the purchase of the property, or through fraud. Salomon v. N. British & M. Ins. Co., 215 N. Y. 214, 109 N. E. 121. The basis of this action is the reformation of the deed, and the theory of such an action is that the parties came to an understanding, but in reducing it to writing through mutual mistake, or mistake on one side and fraud on the other, omitted some provision agreed upon, or inserted one not agreed upon. Curtis v. Albee, 167 N. Y. 360, 364, 60 N. E. 660. Fraud, as understood in equity jurisprudence, includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence justly reposed, and which are injurious to another, or by which an undue and unconscionable advantage is taken of another. Belden v. Burke, 72 Hun, 51, 88, 25 N. Y. Supp. 601.

The assumption clause being improperly in the deed, the only question remaining is whether or not the reliance of the mortgagee upon this clause in the deed bars the defendant Ernst from obtaining relief, even upon the grounds which he alleges. The general rule is that a mortgagee, who seeks to avail himself of an assumption clause in a subsequent deed of mortgaged premises, takes under and through the grantor, and is subject to defenses arising out of the contract or transaction between the original parties to the deed, and that it is not too late to obtain such relief in an action brought to foreclose the mortgage, provided, of course, that the mortgagee has not acted upon the faith of the assumption to his detriment. King v. Sullivan, 31 App. Div. 549, 52 N. Y. Supp. 130; Trotter v. Hughes, 12 N. Y. 74, 78, 62 Am. Dec. 137. There is no doubt that the defendant Ernst could at any time before the commencement of the foreclosure action have brought an action against the defendant Bleile for a reformation of the deed, and a judgment in that action would have been conclusive upon the mortgagee, Renz. Arnstein v. Bernstein, 127 App. Div. 550, 552, 111 N. Y. Supp. 987. But in an action for the foreclosure of the premises relief will not be granted, where the mortgagor has acted upon the assumption clause, so that the reformation will work an injury to him. This injury, however, does not mean that he will lose the additional security which the assumption clause afforded him, but that, irrespective of this security, its elimination would be inequitable. Dey Ermand v. Chamberlin, 88 N. Y. 658; Kilmer v. Smith, 77 N. Y. 226, 231, 33 Am. Rep. 613.

It does not appear in this case that the mortgagee suffered any injury through the adoption of the assumption clause. He discontinued his foreclosure action, which had been brought to foreclose one of the mortgages against the property; but in so doing all back interest, taxes, costs, and disbursements were paid, and he was placed in the same position that he was in prior to the transfer to the defendant Ernst. His security was the same afterwards as before, and it does not appear that there was any loss of rentals or otherwise from the failure to secure possession under the foreclosure action which was discontinued.

This action is readily distinguishable from those cases where the mortgagee has adopted the assumption clause as a part of his security, and the grantor of a subsequent conveyance seeks to release the grantee from such a clause. Gifford v. Corrigan, 117 N. Y. 257, 262, 22 N. E. 756, 6 L. R. A. 610, 15 Am. St. Rep. 508; N. Y. Life Ins. Co. v. Aitkin, 125 N. Y. 660, 669, 26 N. E. 732. But the plaintiff claims that the defendant Ernst was guilty of negligence, and should therefore fail in this action. This claim is based upon the acceptance of the deed with the assumption clause, without examining it. This omission, however, has never been held to constitute negligence in this class of cases. Smith v. Smith, 134 N. Y. 62, 65, 31 N. E. 258, 30 Am. St. Rep. 617; Blass v. Terry, 156 N. Y. 122, 126, 128, 50 N. E. 953; Welles v. Yates, 44 N. Y. 525, 529; Albany City Savings Institution v. Burdick, 87 N. Y. 40, 46, 48, 49; Wilcox v. American Tel. & Tel. Co., 176 N. Y. 115, 117, 68 N. E. 153, 98 Am. St. Rep. 650; Botsford v. McLean, 45 Barb.

478; Andrews v. Gillispic, 47 N. Y. 487; Kilmer v. Smith, 77 N. Y. 226, 33 Am. Rep. 613.

The defendant Ernst, therefore, is entitled to a decree striking the assumption clause from the conveyance by Bleile to him, and to have the judgment of deficiency rendered against him vacated and set aside.